[Shehane v. Caraway, et al.]

# Shehane *v.* Caraway, *et al.*

*Bill to Enforce Vendor's Lien.*

(Decided Jan. 21, 1908.   45 South. 469.)

1. *Infants; Guardian ad Litem; Necessity For.*—The legal title to land descends to the heir, and to subject it to a vendor's lien, as against minor heirs, it is essential that a guardian ad litem be appointed for them.

2. *Same; Pleading Without Appointment; Effect.*—When no guardian ad litem had been appointed for the minor heirs, an answer filed in their name or by them cannot be considered for any purpose.

APPEAL from Barbour Chancery Court.

Heard before Hon. W. L. PARK.

Bill by S. J. Caraway, administrator, against Fanny Shehane, et al., to enforce a vendor's lien. From a decree for complainants, respondents appeal. Reversed and remanded.

SOLLY & KIRKLAND, for appellant. The failure to appoint a guardian ad litem for the infant defendants, must work a reversal in this case.—Sec. 17, Code 1896; *Hibler v. Sprowl,* 71 Ala. 50; *Griffith v. Ventress,* 91 Ala. 366; *Parker v. Parker,* 99 Ala. 239.

WILLIAMS & WILLIAMS, for appellee. Counsel discuss assignments of error, but cite no authority.

HARALSON, J.—The bill in this cause was filed to enforce a vendor's lien against the widow and minor child of the deceased vendee.

Under the statute of descent and distribution, the legal title to the land descended to the children; and in order to subject the land to the lien it was necessary that

they be represented by a guardian ad litem. Indeed the complainant could not subject their legal estate to sale, in the absence of their being property before the court.—*Griffith v. Ventress,* 91 Ala. 366, 8 South. 312, and authorities there cited. The answer to the bill filed in behalf of the respondent minors cannot be considered, for the reason that no one had authority to make it for them, no guardian ad litem having been appointed.

What their defenses may be is purely conjectural, and therefore the determination of any right which was asserted in the answer and cross-bill found in the record would be wholly gratuitous.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.