(133 So. 283)

## PRITCHETT et al. v. DIXON et al.

6 Div. 696.

Supreme Court of Alabama.

March 12, 1931.

Rehearing Denied April 9, 1931.

G. M. Edmonds, of Birmingham, for appellant.

Rutherford Lapsley, of Anniston, for appellee.

BROWN, J. (after stating the facts).

The decree of March 24, 1930, disposes of the equities asserted by the cross-bill filed by the intervening respondent, Murray, forecloses the mortgage, cuts off and destroys the equity of redemption of the complainants, and under that decree the two parcels of real estate covered by the mortgage are ordered sold, and the subsequent decree confirms the sale made in pursuance of the first, and appropriates the proceeds of the sale, in part to the payment of all the costs of the suit.

In this respect the decrees appealed from are final and will support the appeal. Adams v. Sayre, 76 Ala. 509; Cochran v. Miller, 74 Ala. 50. The decree from which the appeal was taken in Nelson et al. v. Cornelius et al., 208 Ala. 688, 95 So. 170, was made in the course of the administration of an estate which had been removed into the court of equity for further administration, and disposed of none of the equities embodied in the proceedings.

The motion to dismiss the appeal is not well taken, and is therefore denied.

Error is imputed to the decrees in two respects: First, in allowing a solicitor's fee of $100 for obtaining the decree of foreclosure; and, second, in appropriating the proceeds of the sale to the payment of all the costs of the suit and the costs of foreclosure sale.

It does not appear in the face of the decree what, if any, amount was allowed as solicitor's fees, but the decree ascertained and adjudged the amount due on the mortgage to be $619. The undisputed evidence shows that the principal due on the mortgage debt was $381.05, and this sum, with the interest thereon, together with the sum of $35.83, taxes paid by Murray, and the interest thereon, were the only items he was entitled to recover. These items amount, approximately, to the sum of $519 up to the time of the rendition of the decree. The only evidence offered in respect to solicitor's fees was the testimony of the witness Harsh, going to show that $100 would be a reasonable fee for filing the petition to intervene and the cross-bill, and prosecuting it to a decree of foreclosure.

The only theory, therefore, on which the ascertainment by the court, as to the amount of the debt, can be sustained, is that the sum of $100 was allowed to the intervening respondent as solicitor's fee.

Aside from the fact that the provisions in the mortgage for attorney's fee were for a foreclosure under the power of sale (Cooper

v. Parker, 176 Ala. 122, 57 So. 472), no necessity existed for a foreclosure of the mortgage effecting a sale of the property, in advance of, and independent of, a decree of sale for division and distribution of the proceeds under the original bill.

It is well settled that joint owners or tenants in common of real property are entitled as a matter of right, unless the property is subject to administration (Hopkins v. Crews et al., 220 Ala. 149, 124 So. 202; Forman v. McAnear, 219 Ala. 157, 121 So. 538), a question not presented here, to proceed in a court of equity to have the property sold for division, where it cannot be equally divided without a sale, and, when proceedings are instituted for this purpose, the parties part with the power to control or dispose of the title, and relinquish this power to the court, their rights attaching to the proceeds. Griel v. Randolph, 108 Ala. 603, 18 So. 609; Stein v. McGrath, 128 Ala. 181, 30 So. 792; McCarty v. Robinson et al., ante, p. 287, 131 So. 895.

 The statute, Code 1923, § 9332, authorizes, pending a bill to sell for division, "any person claiming to be interested in the premises to be assigned or aparted" to intervene "and assert his or her rights, by way of interpleader; and the court *shall decide upon the rights of all persons appearing as aforesaid, as though they had been made parties in the first instance.*" (Italics supplied.)

One intervening under the statute comes in on the same basis as an original party, relinquishing his right to control and dispose of the title, electing to have his interest adjudged and satisfied from the proceeds of the sale. Wood v. Barnett, 208 Ala. 295, 94 So. 338.

The intervening respondent could have obtained all the relief he was entitled to under his answer and the original bill, and was therefore not entitled to solicitor's fee for filing and prosecuting the cross-bill. Lamar v. Lincoln Reserve Life Ins. Co., ante, p. 60, 131 So. 223.

 Some of the costs were incurred by the respondent, Will Pritchett, in his effort to establish his asserted right as an heir at law of Morrison Pritchett, deceased. The costs so incurred, as well as the costs incident to the cross-bill and foreclosure sale, as a matter of equity, should not be deducted from the proceeds of the sale. The effect of the court's order was to tax these costs against the heirs of said Morrison Pritchett, deceased.

 Another irregularity in the proceedings which this court must notice ex mero motu is the absence of a guardian ad litem for the infant complainant, who was made a defendant to the cross-bills.

The provisions of the statute are: "Infants not having guardians must sue by next friend, and must be defended by a guardian of the appointment of the court." Code 1923, § 5686. And, although the infant complainant sued by his next friend, he was entitled to a guardian ad litem of the appointment of the court to conduct his defense. The next friend was without legal authority to defend for him. Cogburn v. Callier, 213 Ala. 46, 104 So. 330; Bell et al. v. Bannister et al., 212 Ala. 31, 101 So. 653; Garner et al. v. Empire Land Co. et al., 217 Ala. 528, 117 So. 64.

For the errors noted, the decrees of the circuit court, in equity, will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.