166 So. 803

## SNYDER v. WOOLF et al.

### 7 Div. 349.

Supreme Court of Alabama.

March 26, 1936.

John Bibb, of Anniston, for appellee.

H. H. Evans, of Anniston, for appellant.

FOSTER, Justice.

One of the appellees, McCarty, sued appellant for damages caused by a collision of

cars which they were each driving. There was a judgment by default. After the collision, but before the judgment, appellant deeded the property here involved to his daughters. McCarty then filed a suit in equity against appellant and his daughters, seeking to vacate the deed and to subject the property to the satisfaction of the judgment. Appellant and his daughters were represented by competent counsel, and there was a hearing at which he testified as a witness. The court granted relief, and decreed that the property be subjected to the debt. It was sold under such decree, and appellees, other than McCarty, hold under such sale.

The basis for relief is that at the time of the collision he was mentally unsound, and that such status continued and existed to the time of the filing of the bill in this suit, and was so when judgment by default was taken against him, and throughout the proceedings to set aside the conveyance to his daughters; that no guardian ad litem was appointed to represent him or did so in those suits; that his mental incapacity was known to McCarty; and that he and his attorneys willfully took advantage of his mental condition in those proceedings. It alleges that he was not at fault in the matter of the collision, and, therefore, had a good and meritorious defense to the suit. It seeks to vacate the judgment and decree and the judicial sale and all subsequent conveyances, charging notice to all. The bill was held good on demurrer, but relief was denied on the facts.

■ A judgment against a non compos mentis by a court of general jurisdiction without a guardian ad litem, as required by sections 5687, 6532, Code, is not void, but reversible on appeal, if the record shows such incapacity. Walker v. Clay, 21 Ala. 797; Levystein v. O'Brien, 106 Ala. 352, 355, 17 So. 550, 30 L.R.A. 707, 54 Am.St. Rep. 56; 34 Corpus Juris, 554.

■ When the record does not show such insanity, equity has jurisdiction to vacate the judgment for the want of a guardian ad litem as in the nature of a bill of review, and is similar to a claim of fraud. Cunningham v. Wood, 224 Ala. 288, 140 So. 351; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; 32 Corpus Juris, 791, § 655.

■ And the existence of such a right under the four months' statute, section 9521, Code, does not deprive equity of its jurisdiction. Choctaw Bank v. Dearmon, 223 Ala. 144, 134 So. 648.

■ A bill of review, or one of that nature, as also one to vacate a judgment at law for fraud, is a direct attack, 34 Corpus Juris, 521, not in conflict with Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14.

■■ It is doubtless true that within four months the court rendering the judgment had the power to vacate it on motion for the reasons now urged in equity. The failure to do so in that court in due time would not bar him in this suit, since section 9521, Code, is cumulative of this equitable remedy, in so far as it relates to judgments at law as we have shown, and does not apply to decrees rendered in equity. Barrow v. Lindsey, 230 Ala. 45, 159 So. 232; Ezzell v. First National Bank, 223 Ala. 353, 135 So. 582.

The bill does, as it should, allege that complainant had a meritorious defense to the action at law; that is, that he did not negligently cause the collision. Cunningham v. Wood, supra; Weems v. Weems, 73 Ala. 462; 32 Corpus Juris, 790, note 62.

■ There was much conflicting evidence on the issue of complainant's insanity, and on that of his liability to the original demand. We do not know on which of them the court found against complainant. The evidence shows that he had high blood pressure and Bright's disease; that in certain stages they affected his mind, producing what the doctors call dementia præcox, and which they define to be the beginning of insanity, or a mild form of it. At times he appeared all right, and at others his conduct not well balanced. But he undoubtedly knew of the suit for damages and understood it, and advised with his friends. He made a deed of his property to his daughters soon after the collision occurred, and apparently thought that would end his troubles in that respect, and that a judgment would be worthless, and made no appearance. This course was followed after he had consulted with friends, and had their advice.

When the suit in equity was tried, he was represented by competent counsel, appeared in court, and testified. If any one then thought he was a non compos mentis, no such suggestion was made, and his counsel made no claim of that sort. It was not contended that he did not have mental capacity to make the deed, nor that there was any illegality in the rendition of the judgment on that account, but the answer alleges that he did not defend it because he was without means to do so. The effort was

made in defense of the suit to sustain the deed as being without fraud, and on a valuable consideration. There is in this suit evidence of what is thought to be some peculiarity in his conduct on that trial. He was of foreign descent, and gesticulated extravagantly when talking, and became confused and contradictory on cross-examination. This often occurs without mental incapacity, and no one connected with the same attempted to have the court so treat him. The defense of that suit conflicted with his incapacity to make a deed. His daughters appear to be independent, competent, and self-supporting, and employed counsel to represent them and him, and he did so evidently in line with their theory then held, which did not include mental incapacity, but the reverse of it.

On the trial of that case, and also this, the presiding judge saw and heard this man as a witness, as well as most of the evidence. We think that his finding could well have been based on the issue of mental capacity. White v. Farley, 81 Ala. 563, 8 So. 215.

We need not therefore determine if his showing of a meritorious defense to the action at law was sufficiently sustained nor the measure of proof required of him in that respect, considering the fact that the issue in the original suit should have been sustained by the plaintiff in it had it resulted in a trial. Section 695 of 34 Corpus Juris, 442.

Our affirmance is based on the issue of insanity.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.