218

54 So.2d 451

**DOSS v. TERRY.**

*8 Div. 593.*

Supreme Court of Alabama.

Oct. 11, 1951.

Sherman B. Powell, Decatur, for appellee.

Eyster & Eyster, Decatur, for appellant.

LIVINGSTON, Chief Justice.

Appellee sued appellant to recover damages alleged to have resulted from the negligent operation of an automobile by appel-

lant. On the trial two counts of the complaint were submitted to the jury who returned a verdict for appellee for $2,500. A motion for a new trial was overruled and this appeal followed.

The verdict and judgment cannot stand.

 Each count of the complaint alleged that appellant, defendant in the court below, was a minor. The uncontradicted evidence showed that appellant was a minor at the time of the alleged injury and at the time the cause was tried. Indeed, that fact is not questioned. Nor is it disputed that no guardian ad litem was appointed and defended for appellant.

Title 7, §§ 102 and 177, provide respectively:

"§ 102. Suit by and against infants.—Infants not having guardians must sue by next friend, and must be defended by a guardian ad litem of the appointment of the court."

"§ 177. Guardians ad litem; appointment of.—In all cases, both at law and in equity, where infants or persons non compos mentis are made parties defendant to a complaint, bill, petition, or other proceeding, such infant or non compos mentis shall be defended by his general guardian, if he have one, who is not adversely interested to the infant or non compos mentis nor disqualified, but if he have no general guardian, or the general guardian is adversely interested or disqualified, he shall be defended by a guardian ad litem appointed by the court in which such cause is pending, unless otherwise provided; and the court or officer appointing guardians ad litem shall in all cases select some person who is qualified to represent such infants or non compos mentis in the capacity of an attorney or solicitor, and must not select or appoint any person who is related, either by blood or marriage within the fourth degree, to either the complainant, petitioner, plaintiff, or to the attorney or solicitor for such complainant, petitioner, or plaintiff, or to the judge or clerk of the court, or who is in any manner connected with such complainant, petitioner, or plaintiff, or with his attorney or solicitor."

 Our cases are clear to the effect that a judgment against infants brought within the jurisdiction of the court by proper service of process is not void and subject to collateral attack for want of a general guardian or guardian ad litem to represent and protect their interests, but such judgment is erroneous and subject to reversal on appeal. Infants must be defended by a guardian of the appointment of the court. Such is the plain mandate of the law. Statutes, supra; Bell v. Bannister, 212 Ala. 31, 101 So. 653; Levystein Bros. v. O'Brien, 106 Ala. 352, 17 So. 550, 30 L.R.A. 707, 54 Am.St.Rep. 56; Conway v. Clark, 177 Ala. 99, 58 So. 441; Crowder v. Doe ex dem. Arnett, 193 Ala. 470, 68 So. 1005; Hamilton v. Tolley, 209 Ala. 533, 96 So. 584; Griffith v. Ventress, 91 Ala. 366, 8 So. 312, 11 L.R.A. 193, 24 Am.St.Rep. 918; Pritchett v. Dixon, 222 Ala. 597, 133 So. 283; Garner v. Empire Land Co., 217 Ala. 528, 117 So. 64; Prout v. Hoge, 57 Ala. 28; Baisden v. City of Greenville, 215 Ala. 512, 111 So. 2.

And it was held in Pritchett v. Dixon, supra, that this court must notice, ex mero motu, the absence of a guardian ad litem to defend for infant defendants.

There are many assignments of error which probably will not arise on the retrial of the case and we will refrain from discussing them.

Reversed and remanded.

FOSTER, SIMPSON and GOODWYN, JJ., concur.