102 So.2d 14

**Mrs. Larue Tolbert RUSSELL**

v.

**Harold Dean MITCHELL, pro ami
W. B. Mitchell.**

**7 Div. 376.**

Supreme Court of Alabama.

April 10, 1958.

Scott, Dawson & Scott, Fort Payne, for appellant.

Max J. Howard, Fort Payne, for appellee.

SIMPSON, Justice.

This is an appeal from a decree overruling demurrer to a bill in the nature of a bill of review, seeking to avoid a judgment at law.

The bill is brought by a minor, suing by his father and next friend. It alleges that a suit for damages was filed by the appellant (respondent in this case) against the minor, appellee here, on the law side of the same Circuit Court, that said minor was served with process and a judgment by default was rendered against him. It is further averred that at the time such suit was filed the complainant here, defendant therein, was an infant 18 years of age; that he was 18 years of age when the default judgment was rendered against him; that when such judgment was rendered, defendant was not represented by his general guardian or a guardian ad litem and such guardian ad litem was not appointed by the court to represent him and defend his interest in said suit, as required by Code 1940, Title 7, §§ 102, 177. It is further averred that, less than 30 days after judgment by default was rendered, complainant by his attorney filed a motion in said case to set aside said default judgment on ground of his minority and lack of guardian ad litem; that said motion was set down for hearing, but no action was taken therein until some six months later and after complainant had filed with the court the nomination of a guardian ad litem and the motion to set aside the default judgment was refiled; and that upon hearing of testimony offered by complainant, the court entered an order overruling the motion. Copies of complaint in the suit at law and the motions therein referred to are exhibited with the bill. It is finally alleged that complainant has a good and adequate defense to said suit that he can present in defense of said law suit.

The prayer of the bill—denominated a bill in the nature of a bill of review—is that an order be entered holding the suit at law in abeyance until this bill can be heard, and that upon final hearing a decree be entered setting aside and holding for naught said default judgment and that said case be reinstated upon the docket of the Circuit Court for trial. There is also prayer for general relief.

The several grounds of the demurrer, to which argument is addressed, may be thus summarized:

A. There is no equity in the bill; it alleges no facts which would entitle complainant to equitable relief.

B. There is no averment of fraud, accident or mistake.

C. It is not sufficiently averred that complainant has a good and adequate defense.

The bill was amended to meet this last objection as follows:

"Your complainant avers that by way of defense to said suit he is not guilty of the things and matters alleged therein and which defense he can prove on the trial of said case."

The demurrer was refiled and overruled. It is from that decree that the appeal is taken.

■ It is first insisted in brief for appellant that the bill is defective in failing to allege a meritorious defense and of what it consists. The suit at law was grounded upon the alleged negligence of the minor in the operation of an automobile. As we have shown the defense alleged is that he was not guilty of negligence, and could prove he was not. We hold that this was sufficient. Snyder v. Woolf, 232 Ala. 87, 89, 166 So. 803.

■ It is next argued that the bill does not acquit complainant of negligence in allowing the judgment by default to be rendered against him. This overlooks the requirements of the statute for appointment of guardian ad litem to represent an infant defendant and the settled proposition that a judgment rendered without compliance with that requirement is subject to attack upon that ground. Doss v. Terry, 256 Ala. 218, 54 So.2d 451.

Also, in such a bill it is not necessary to allege actual fraud. Cadick Milling Co. v. Merritt, 246 Ala. 175, 19 So.2d 720.

The more serious contention of appellant seems to be that a minor may not defeat a judgment at law solely upon the ground that he was not represented by a guardian ad litem, and that an attack by a bill of this nature is a collateral attack and unwarranted.

It is well settled that:

"A judgment against a non compos mentis by a court of general jurisdiction without a guardian ad litem, as required by sections 5687, 6532, Code [now Code 1940, Tit. 7, § 103, Equity Rule 5] is not void, but reversible on appeal, if the record shows such incapacity. * * *

"When the record does not show such insanity, equity has jurisdiction to vacate the judgment for the want of a guardian ad litem as in the nature of a bill of review, and is similar to a claim of fraud." Snyder v. Woolf, 232 Ala. 87, 89, 166 So. 803, 804.

See also Cadick Milling Co. v. Merritt, supra.

■ There is plain analogy between persons of unsound mind and infants in the respect here involved. None of our cases so far as we have found makes any distinction. On the contrary all of the cases treat judgments against either a non compos or infant where guardian ad litem was not appointed as being erroneous and subject to direct attack. Doss v. Terry, supra, and cases there cited. In Conway v. Clark, 177 Ala. 99, 58 So. 441, it was observed that an infant defendant might resort to a bill of review to bring up such a judgment, citing Hooper v. Hardie, 80 Ala. 114; Mitchell v. Hardie, 84 Ala. 349, 4 So. 182; and Levystein v. O'Brien, 106 Ala. 352, 17 So. 550, 30 L.R.A. 707. While this last mentioned case held the bill, by an infant, subject to demurrer, that case does not militate against the conclusion here reached by us. There the bill was one for an injunction against enforcement of a judgment against the infant upon the ground that it was void. The Court there pointed out that the judgment was not void but voidable, and evidently, treated the bill there filed as a collateral attack.

■ While there may appear some incidental expressions seeming to treat a bill of review as a collateral attack, we have

committed ourselves to the proposition that a bill of review or bill in the nature of a bill of review is a direct attack upon the judgment or decree brought into question. Snyder v. Woolf, supra; Wiggins Estate Co. v. Jeffery, 246 Ala. 183, 19 So.2d 769; Merchants National Bank of Mobile v. Morris, 252 Ala. 566, 570(8), 42 So.2d 240.

We conclude that the court below properly overruled the demurrer to the bill.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.