213 So.2d 814

**CITIZENS WALGREEN DRUG AGENCY, INC., (Frank S. Blackford, as Trustee in Bankruptcy)**

v.

**GULF INSURANCE COMPANY et al.**

6 Div. 312.

Supreme Court of Alabama.

Aug. 22, 1968.

Rehearing Denied Sept. 19, 1968.

Jenkins, Cole, Callaway & Vance, Birmingham, for trustee of Citizens Walgreen Drug Agency, Inc.

C. E. Sharp, W. J. Sullivan, Jr., and Sadler, Sadler, Sullivan & Sharp, Birmingham, for Gulf Ins. Co.

Waldrop Windham, Birmingham, for guardian ad litem of minor.

KOHN, Justice.

The action below was commenced by the filing of a sworn bill by the appellant, Citizens Walgreen Drug Agency, Inc., seeking a declaratory judgment and naming Gulf Insurance Company, a corporation, George Watson, Sr., George Watson, Jr., a minor, and J. C. Anthony, respondents. The bill prayed for an injunction and restraining order and a finding by the Court that the respondent, Gulf Insurance Company (hereinafter known as Gulf) was obligated to defend two damage suits on the civil side brought against the complainant by George Watson, Jr., and George Watson, Sr., and to pay any judgments incurred against the Citizens Walgreen Drug Agency, Inc. (hereinafter known as the drugstore). This action arose from an injury to a minor's eyes. On September 21, 1961, one Dr. Anthony compiled a prescription for one of his patients who was expecting the birth of a child. The prescription called for a 10% solution of silver nitrate. The prescription was filled by a registered pharmacist, with the assistance and help of a non-registered pharmacist, at Citizens Walgreen Drug Agency, Inc. (drugstore: appellant). This prescrip-

tion should have been for a 1% solution of silver nitrate to be put in the infant's eyes at a certain time after birth. Later, after the child's birth, drops of the solution from this bottle or container, which was filled by the drugstore, on the prescription of the doctor, were put in the eyes of the infant by the doctor which resulted in the injury to this child. The two people at the drugstore who had filled the prescription, which called for a 10% solution of silver nitrate, filled it with a 10% solution, and marked it as a 10% solution.

. At the time and date of this unfortunate incident, that is, the compiling of the prescription, the filling of the prescription, and using its contents on the child, the appellant, drugstore, had an insurance policy termed a comprehensive policy covering the drugstore appellant, issued by Gulf Insurance Company (appellee), and there was attached as a part of such policy a "druggist's liability rider."

On June 16, 1961, suits for damages for personal injuries, as a result of injuries to the child's eyes, were filed by the child's father, George Watson, Sr., in the circuit court of Jefferson County, against the doctor; and on December 6, 1961, these suits were dismissed. On December 21, 1961, new suits were filed in the circuit court of Jefferson County for damages for the personal injuries suffered by the child. One of such actions was filed by the father, as next friend of the injured infant. The father also filed a suit in his own behalf for loss of services. These two suits were against the doctor, who had written out the prescription and later used it in the child's eyes, and also, against the appellant drugstore where the prescription was filled.

. On December 27, 1963, the drugstore, appellant, complainant below, filed a bill for declaratory judgment in the circuit court of Jefferson County, on the equity side, being the present case involved on this appeal, and joined as respondents the appellee Gulf Insurance Company, Dr. An-

thony, the minor's father, George Watson, Sr., and the minor, George Watson, Jr. This being the same minor whose eyes were injured.

On December 27, 1963, the court enjoined the respondents, father and minor, from proceeding further with their actions for damages. Later, on motion, the temporary injunction was dissolved, and the minor's action went to trial and resulted in a $75,000 verdict on September 4, 1965, in favor of the minor against both the drugstore and the doctor.

On May 10, 1965, the drugstore, complainant-appellant, amended its complaint in the declaratory judgment action, and sought a temporary injunction against the collection of the $75,000 judgment; and, at such time, the same amended bill sought also the appointment of a new guardian ad litem to represent the interest of the minor, George Watson, Jr. (the original guardian ad litem having died), this being the same child whose eyes were injured. The date of this amendment was May 7, 1965. So, it is clear at this time the original guardian ad litem who had been appointed to represent the interest of the minor in this declaratory action was dead. On May 10, 1965, a temporary injunction, as requested by the complainant drugstore on its amended complaint, was granted to enjoin the collection of the $75,000 judgment pending a final decision in the declaratory judgment action. This declaratory judgment action being the action involved on this appeal.

On May 14, 1965, Gulf, appellee, filed a demand for a jury trial in the declaratory judgment action, and on May 17, 1965, the drugstore, complainant, filed a motion to strike the demand for a jury. The demand to strike a jury was overruled on May 20, 1965, this was at a time *prior* to the appointment of the new guardian ad litem. The court, on May 31, 1965, appointed an able member of the Birmingham Bar as the new guardian ad litem to take

the place of the one deceased. This guardian ad litem, of course, being appointed to look after the interest of the minor who had been made a respondent in the declaratory judgment proceeding.

Here is the proper place to point out that at the time the complaint was first filed making the minor a respondent, on December 27, 1963, the proper person to defend the minor, under the circumstances set out in the complaint seeking a declaratory judgment, was a guardian ad litem, and the court appointed one. Code of Alabama 1958 (Recompiled), Title 7, § 102.

We deem it unnecessary for a proper decision of this case to go into further details concerning the actions of the respective parties, as to proceedings and procedure, in the declaratory judgment action below, other than to point out that after the death of the first guardian ad litem, and *before* the appointment of a new guardian ad litem, several actions or proceedings occurred in the trial court in the declaratory judgment actions and proceedings. While the minor respondent (the holder of the $75,000 judgment) had no guardian ad litem, (a) an amendment to the bill of complaint was filed; (b) an amended answer by Gulf; (c) a hearing with reference to setting the cause on a temporary restraining injunction; (d) an order granting a temporary injunction; (e) a jury demand was filed by Gulf; (f) a motion to strike a jury demand was filed by complainant drugstore; (g) following a hearing, the trial court rendered a decree overruling the motion to strike a jury demand; (h) also, an order for the determination of the issues to be submitted to the jury, and the setting of the case for trial on June 9, 1965, took place. At such times the minor respondent was from a legal aspect "voiceless" for the new guardian ad litem, Waldrop Windham, appointed by order dated May 31, 1965, made his first appearance on June 9, 1965 in open court, and we might add that the able guardian ad litem for the minor, in his assignments of error and cross-assignments of error,

complained in assignments Nos. 1-4 of proceedings that happened before the court appointed the guardian ad litem.

■ This precise issue of "no guardian ad litem" may not have been raised specifically by the minor in his petition for review of the verdict of the jury in the trial court, but we hold some of his assignments of error, in the review hearing, were broad enough to include this issue. However, even in the absence of such an assignment, in the review before the trial court, under the authority of Pritchett v. Dixon, 222 Ala. 597, 133 So. 283, this court must notice ex mero motu the irregularity of the absence of a guardian ad litem for the infant who was made a party respondent in the proceedings before the trial court. Hall v. Hall, 280 Ala. 275, at page 280, 192 So.2d 727; Russell v. Mitchell, 267 Ala. 358, 102 So.2d 14.

After the filing of its petition in bankruptcy by the complainant below, Citizens Walgreen Drug Agency, Inc., one Frank S. Blackford was appointed as trustee in bankruptcy. Then, on motion, was substituted for the complainant drugstore, and permitted to prosecute this appeal.

■ We hold that it was a duty resting upon the trial court to see that this injured infant receive a fair and impartial hearing, and that the record should have disclosed an appearance throughout the proceedings of a guardian ad litem being present in his behalf at all times. Owens v. Washington, 260 Ala. 198, 69 So.2d 694; Porter v. Alabama Farm Bureau Mutual Cas. Ins. Co., 279 Ala. 499, 187 So.2d 254; Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234; Title 7, § 102, Recompiled Code 1958, supra.

Since the record is clear that a period of time existed when there were important proceedings being had before the court, and at such time there was no guardian ad litem to speak for the minor, the court, on its own motion, should have remedied

this situation then and there. We cannot conceive how this court, on appeal, could hold otherwise than that the infant did not have due process in face of all the activities of the trial court during the space of time when there was no guardian ad litem in existence. This absence of a guardian ad litem, under such circumstances, was a violation of a non-waivable right of the minor respondent.

For an example, the record discloses that on a motion by the drugstore, complainant, the decree, rendered on the motion to strike the jury demand, recited among other things, that "THIS MATTER coming on to be heard, and appearing Counsel of Record for *all parties* * * *." [Emphasis supplied.] This decree was dated May 20, 1965, and in paragraph 2 thereof, the parties were instructed to "submit, in writing, on or before Monday, May 24, 1965, at 8:30 A.M., those questions or issues of fact which they consider to be proper for determination by a jury."

It is, therefore, apparent from the above that the decree recited that the counsel for all parties were before the court, which was not a fact for the minor could not have been before the court, for he had no guardian ad litem to represent him; and, further it will be seen from the above, that the minor was instructed to do something on or before May 24, 1965, when at such time it would have been impossible for him to do what was directed, since he had no guardian ad litem on such date.

It is a principle long-existing in Anglo-American jurisprudence that a court of equity is the guardian and protector of the rights of minors who come before it. The court was under a continuing duty, as we view it, to exercise extraordinary precautions relative to the interest of the minor.

■ It needs no citation of authority to state that the law required that this minor was entitled to have his day in court. Darrington et al. v. Borland, 3 Port. 9,

at page 23; Collins v. Gillespy, 148 Ala. 558, 41 So. 930; Shehane v. Caraway, 154 Ala. 391, 45 So. 469; Conway v. Clark, 177 Ala. 99, 58 So. 441; Bank of Luverne v. Turk et al., 222 Ala. 549, 551, 133 So. 52; Midgley v. Ralls, 234 Ala. 685, 176 So. 799; Pritchett v. Dixon, 222 Ala. 597, 133 So. 283, supra; Hall v. Hall, 280 Ala. 275, 280, 192 So.2d 727, supra.

■ In addition to the above cited authorities, we think the case of Russell v. Mitchell, decided by this court in 1958, 267 Ala. 358, 102 So.2d 14, supra, clearly establishes the principle of law that a judgment involving the property rights of an infant by a court of general jurisdiction without a guardian ad litem being present is reversible on appeal. Russell v. Mitchell, supra, is authority, standing alone, to require a reversal of this cause.

The guardian ad litem initially appointed by the court having died, another guardian ad litem should have been before the court representing the interest of the minor at every action taken by the court, or otherwise we do not see how the interest of the minor could have been properly protected. Here, it is obvious that, from the record, the guardian ad litem subsequently appointed to represent the minor well carried out his duties, but he was not appointed in time to be present on what we consider to be important actions before the court effecting the outcome of the case, and, therefore, the rights of the minor.

We think the case of Smith v. Lambert, 196 Ala. 269, 72 So. 118, is authority for the principles hereinabove pronounced, although in the *Smith* case, supra, the court was construing an old chancery court rule. Rule 7 of Equity Rules, Recompiled Code 1958, Title 7, Appendix, also sets out who shall sue and defend for infants, and this rule is additional authority for the necessity of a guardian ad litem in a case such as the one before us on appeal.

■ It is true that an infant may sue by his next friend, but for his *defense,* he

requires a guardian ad litem. Burg v. Smith, 222 Ala. 600, 133 So. 687; Title 7, § 102, Recompiled Code 1958, supra.

 It would be difficult to hold that an infant minor had a fair trial in a proceeding where he was a party respondent, when the record discloses that he was entitled to a guardian ad litem to protect his interest by defending him in the proceedings, when for an important period during such trial, involving actions and proceedings of the court, no guardian ad litem existed.

It may be pointed out here that this is not a collateral attack on the decree, but an appeal. We think, by analogy, the case of Russell v. Mitchell, supra, is authority for some principles of law disclosing the fatal error occurring in the court below by the non-existence of a guardian ad litem during important court proceedings.

The record clearly shows that the infant was made a respondent in the proceedings below, and the absence of a guardian ad litem is an irregularity this court must notice ex mero motu, for this infant was entitled, as a matter of law, to a guardian ad litem, to conduct his defense which he did not have throughout the trial, and his "next friend's" activity in the case had no legal standing to defend the infant. Pritchett v. Dixon, supra.

The trial on June 9, 1965, resulted in a jury verdict and court decree, the effect of which freed the Gulf Insurance Company, appellee, of liability on its policy of insurance with the drugstore, thus leaving the drugstore without coverage as regards the injuries to the minor, George Watson, Jr. The insurance company, appellee, also claims error, among other grounds, that the court below erred as regards certain findings of the jury verdict not being included in the court's decree, and contends other alleged errors were committed by the court below. The minor appellant also assigned many errors as a basis for his contention for a reversal, as likewise did the appellant drugstore, complainant below. A pursual of such assignments is not necessary for a decision on this appeal.

For the reasons noted, this case is reversed and remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.