246 So.2d 445

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

v.

**Harold JORDAN et al.**

**I Div. 669.**

Supreme Court of Alabama.

March 11, 1971.

Rehearing Denied April 8, 1971.

J. Edward Thornton, Mobile, for movants and appellees Carolyn E. Whittington and Roy Whittington.

Richard W. Vollmer, Jr., Geary A. Gaston, Pillans, Reams, Tappan, Wood & Roberts, Mobile, James R. Owen, Bay Minette, for appellant.

LAWSON, Justice.

This is an appeal from a decree denying a temporary injunction.—§ 1057, Title 7, Code 1940.

State Farm Mutual Automobile Insurance Company, a corporation, filed a bill in the Circuit Court of Baldwin County, in Equity, under the declaratory judgment

statutes, Title 7, §§ 156–168, Code 1940, as amended, and made parties thereto Harold Jordan, Sandra A. Whittington, a minor, Carolyn E. Whittington, Roy Whittington and Ricky Darnell Paul, a minor.

For the purposes of this appeal, the case made by the bill and the exhibits thereto may be summarized as follows:

On March 15, 1970, State Farm was the insurer under a policy of liability insurance issued to the respondent Harold Jordan, which policy of insurance described a 1965 Plymouth automobile. On that day the respondent Jordan, "while using the insured automobile, was involved in an accident occurring in Bay Minette, Baldwin County, Alabama, out of which said accident, injury was sustained to respondents Sandra A. Whittington, a minor, Carolyn E. Whittington, and Roy Whittington."

On July 21, 1970, Sandra A. Whittington, a minor, "pro ami Roy Whittington, her father," Carolyn Whittington and Roy Whittington filed separate suits in the Circuit Court of Baldwin County wherein they seek to recover damages for personal injuries sustained in the accident from State Farm's insured, Harold Jordan, and from Ricky Darnell Paul, a minor.

The respondent Harold Jordan did not comply with the provisions of the policy of liability insurance relative to the giving of notice by the insured to State Farm. The giving of such notice was a condition precedent to State Farm's liability and its duty to defend the suit against Jordan. A justiciable controversy is alleged to exist between the complainant and the respondents herein as to whether coverage exists under the said policy for the benefit of Harold Jordan.

The bill prayed for a single declaration " * * * the Court will make and enter a final decree construing said policy of insurance and declaring that complainant is not obligated to defend respondent Harold Jordan in said suits at law, nor to pay any judgment which might be rendered therein against him."

The bill further prayed:

"That an injunction be issued by the Court enjoining the respondents Sandra A. Whittington, a minor, Carolyn E. Whittington, and Roy Whittington from taking any further steps or proceedings with respect to the aforesaid lawsuits, hereinbefore referred to, which said suits are pending on the law side of this Honorable Court, pending a final determination of this Declaratory Judgment Action."

The bill of complaint, praying the injunction, was presented to the Judge of the Circuit Court of Baldwin County, who set the matter of the injunction down for a hearing on November 25, 1970, with instructions that due notice issue to the respondents.—§ 1054, Title 7, Code 1940.

The return by the Sheriff of Baldwin County reads: "service: Nov. 19, 1970 by serving a copy on Sandra Whittington, Carolyn Whittington, Roy Whittington and Ricky D. Paul—R. Paul (father of Rickey D. Paul) not found in my county after diligent search and inquiry."

The record contains the following entry: "Received too late for service 11/25/70. Watson, Monroe Cty. Sheriff's office."

After a continuance had been granted at the request of "the respondents" and after the respondents Carolyn E. Whittington and Roy Whittington, separately and severally, filed their demurrer and answer to the "Bill of Complaint," the trial judge rendered the following decree:

"This cause was, on the 9th day of December, 1970, submitted for Decree on Complainant's application for a temporary injunction and upon the pleadings filed herein, and the Court having heard the arguments in open Court of the solicitors for the Complainant and the Respondents Sandra A. Whittington, a minor, Carolyn E. Whittington, Roy Whittington, and the Court being of the opinion that the application should be denied.

"It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the application for temporary injunction as filed by the Complainants in this cause, be and the same hereby is denied."

From that decree State Farm has appealed to this court.

There are two assignments of error, both of which are to the effect that the trial court erred in denying the application for temporary injunction as to all of the respondents against whom the temporary injunction was sought, which includes the minor, Sandra A. Whittington.

The record does not disclose that the minor had a general guardian or that a guardian ad litem had been appointed for her. In Citizens Walgreen Drug Agency, Inc. v. Gulf Ins. Co., 282 Ala. 648, 213 So. 2d 814, where an infant was made a party respondent in a declaratory judgment proceeding and was without a guardian ad litem at a time when "several actions or proceedings occurred in the trial court in the declaratory judgment actions and proceedings," we reversed a decree which was adverse to the minor because of the absence of a guardian ad litem. In the case last cited we said:

"The record clearly shows that the infant was made a respondent in the proceeding below, and the absence of a guardian ad litem is an irregularity this court must notice ex mero motu, for this infant was entitled, as a matter of law, to a guardian ad litem, to conduct his defense which he did not have throughout the trial, and his 'next friend's' activity in the case had no legal standing to defend the infant. Pritchett v. Dixon, supra [222 Ala. 597, 113 So. 283]." (282 Ala., 653, 213 So.2d 818.)

We see no reason to dismiss the appeal, as is insisted upon by appellees Carolyn E. Whittington and Roy Whittington. The motion to dismiss the appeal is denied.

Appellant, State Farm, seems to take the position that if we conclude that a guardian ad litem should have been appointed for Sandra A. Whittington, we should reverse the decree of the trial court and remand the cause for further proceedings. The decree of the trial court here under review does not impinge upon any right of the minor. Consequently, we cannot comprehend State Farm's position that the decree should be reversed because a guardian ad litem had not been appointed to represent her.

Since a guardian ad litem had not been appointed to represent the respondent Sandra A. Whittington and since the assignments of error challenge the decree of the trial court in its entirety, we are constrained to the conclusion that the decree of the trial court is due to be affirmed. It is so ordered.

Motion to dismiss appeal denied.

Affirmed.

HEFLIN, C. J., and MERRILL, COLEMAN and MADDOX, JJ., concur.