The appellant, Donald Pate brought suit against Perry's Pride, Inc., Perry Creamery Co., Inc., Rubin Ellis Walker, Liberty Mutual Insurance Co., C.B. Marshall, and his father, William M. Pate. The suit alleged that these parties participated in the fraudulent settlement of a pro ami law suit filed on Donald Pate's behalf in 1953 when Donald Pate was two years of age. The pro ami suit was brought by Donald Pate's father, William M. Pate, as next friend, after Donald Pate sustained injury as a result of being struck by a truck owned by Perry Creamery Co., Inc. The truck was driven by Rubin Ellis Walker, an employee of Perry Creamery Co., Inc. Perry Creamery Co., Inc. changed its name to Perry's Pride, Inc., in 1964. Liberty Mutual Insurance Co. and its agent C.B. Marshall were joined as defendants by Donald Pate in this action as a result of their alleged involvement in the *Page 1039 
settlement of the pro ami suit. At the time of the incident in 1953 Liberty Mutual Insurance was the liability insurance carrier for Perry Creamery Co., Inc., and Rubin Walker.
Defendants Perry Creamery Co., Perry's Pride, Inc., Rubin Ellis Walker, Liberty Mutual Insurance Co., and C.B. Marshall filed a motion for Summary Judgment which was granted. Donald Pate then filed a motion for a new trial which was denied on April 9, 1976. On May 20, 1976 the trial court set aside the April 9th order and entered a new order which overruled Donald Pate's motion for a new trial and granted the defendants' motion to dismiss. Paragraph 2 of the court's order which concerns the defendants' motion to dismiss reads as follows:
 "IT IS FURTHER ORDERED, based on the mutual consent of the parties that the court's prior order overruling the Defendants' Motion to Dismiss is hereby withdrawn and the Defendants hereby refile their Motion to Dismiss to the Complaint, as amended, and IT IS HEREBY ORDERED that the Defendants' Motion to Dismiss is due to be and the same hereby is granted on the grounds that the Complaint, as amended, fails to state a cause of action upon which relief can be granted, due to the fact that there is a failure to adequately allege the quo modo of the alleged fraud and the Plaintiff's action is hereby dismissed for the reasons stated;"
In the next paragraph the trial court ordered that the summary judgment previously entered would continue in full force and effect.
Donald Pate brings his appeal to this court alleging error in the trial court's granting of summary judgment, the denial of his motion for new trial, and in the order granting the defendants' motion to dismiss.
The appellees have filed a motion to dismiss this appeal on the grounds that the summary judgment appealed from was filed on behalf of and granted only as to five of the six defendants below. Those five defendants being Perry Creamery Co., Perry's Pride, Inc., Rubin Ellis Walker, Liberty Mutual Insurance Co., and C.B. Marshall. Defendant William M. Pate was not named in either the motion for summary judgment or in the trial court's subsequent order granting summary judgment. Appellees refer this court to Rule 54 (b) ARCP for their argument that the appeal should be dismissed because there is no final judgment to support the appeal. If the sole basis for the appellant's cause before this court were the summary judgment order and the later denial of his motion for new trial, then there would indeed be grounds for dismissal of this appeal. See Tit. 7, § 754 Ala. Code 1940 (Recomp. 1958); Rule 54 (b), Ala. Rules Civil Procedure; Cates v. Bush, 293 Ala. 535, 307 So.2d 6 (1975). However, this court interprets paragraph 2 of the trial court's order of May 20, 1976, quoted above, to be a final judgment as to all of the parties from which an appeal to this court may properly be taken. Accordingly the appellees' motion to dismiss this appeal is denied.
As stated previously, the appellant based his suit on fraud allegedly committed by the defendants in 1953 when a pro ami lawsuit brought in his behalf was settled. The record in this case contains the judgment entry of the pro ami suit, which reads as follows:
Donald B. Pate, a Minor who sues by his next friend and Father, William McKin- ley Pate,
Plaintiff
vs.
Perry Creamery Company, Inc., A Corporation, and Ru- bin E. Walker,
Defendant September 19, 1953
"This being the day set for the trial of this cause come the parties in person and by their attorneys in open court. The defendants file Pleas of General Issue in short by consent with leave to give in evidence any matter which would be admissible if well pleaded with like leave to Plaintiff to reply thereto. Issue being joined, the court proceeds to hear the evidence in this cause without a jury, and after hearing the same, it is, therefore, considered by the court and it is the order and judgment of the court that the Plaintiff have and recover of the Defendant the sum of $400.00 together with the cost in this case for which let execution issue." *Page 1040 
The crux of appellant's allegation of fraud is that the $400.00 settlement was grossly inadequate and under the circumstances which existed at the time of the settlement it can be shown that this agreement defrauded appellant of the right to a "meaningful day in court."
The granting of summary judgment is governed by Rule 56, ARCP, which states that a motion for summary judgment may properly be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In the case sub judice the trial court properly granted defendants Perry's Pride, Inc., Perry Creamery Co., Inc., Rubin Ellis Walker, Liberty Mutual Insurance Co., and C.B. Marshall's motion for summary judgment. In the pro ami suit, all of these parties were aligned either directly or indirectly as defendants. In the suit from which this appeal comes, Donald Pate alleges that these parties committed a fraudulent act by collaborating with his next friend to process a grossly inadequate settlement. Fraud under Alabama Jurisprudence is embodied in Sections 108-110 of Title 7, Alabama Code of 1940 (Recompiled 1958). Under the facts presented to the trial court and under the facts before this court it is clear that these parties were entitled to summary judgment because under our statutory guidelines fraud had been neither properly alleged nor were there any controverted facts from which fraud could arise as to these parties. The interests of these parties in the pro ami suit were adverse to those of Donald Pate and under our adversary system of justice, they were under no legal duty to see that the settlement received by Donald Pate through his next friend was any higher than it was. It is the function of the trial court in pro ami suits to see that the injured infant receives a fair hearing and that the next friend or guardian ad litem is present and acting in the infant's behalf. Citizens Walgreen Drug Agency, Inc. v. GulfInsurance Co., 282 Ala. 648, 213 So.2d 814 (1968).
A minor's next friend or guardian ad litem who brings an action in the minor's behalf is charged with the duties of a fiduciary and must pursue those duties with diligence, good faith and utmost care. See Irwin v. Alabama Fuel Iron Co.,215 Ala. 328, 110 So. 566 (1925); Rule 17, Ala. Rules Civil Procedure. Donald Pate's action against William M. Pate and the other defendants was dismissed below on the grounds that the complaint failed to state a cause of action upon which relief could be granted in that the complaint failed to adequately allege the quo modo of the alleged fraud. It is unclear to this court why the trial judge found it necessary to include all the defendants below in his order to dismiss while in the same order he stated that the summary judgment previously granted as to five of the six defendants was still in full force and effect. As a result however, the practical effect of the overlapping orders is that defendant William M. Pate was the only defendant affected by the granting of the motion to dismiss.
In the appellant's complaint as amended, it is alleged that William M. Pate, in his capacity as next friend, failed to represent the best interests of appellant by collaborating with the other named defendants and placing his interests above those of the appellant. It was alleged that William M. Pate allowed the offer of the other named defendants of paying the medical bills which resulted from appellant's injuries to induce him into accepting an inadequate settlement. The medical bills of course were the debt of the father.
Title 7, § 109, Alabama Code of 1940 (Recomp. 1958) provides that the suppression of a material fact by a party under an obligation to disclose such fact to one who is in a confidential relationship with such party is fraud. This court finds that the facts as set out in the complaint concerning the alleged fraud of William M. Pate were sufficient to state a cause of action under this statutory definition of fraud and we find the complaint also met the requirements of Rule 9 (b), ARCP. It was therefore reversible error for the trial court to dismiss this action as against William M. Pate. *Page 1041 
Affirmed as to defendants Perry's Pride, Inc., Perry Creamery Co., Inc., Rubin Ellis Walker, Liberty Mutual Insurance Co., and C.B. Marshall.
Reversed as to defendant William M. Pate.
Affirmed in part, Reversed in part and Remanded.
SIMMONS, Retired Circuit Judge, sitting by order of the Chief Justice, and MADDOX, FAULKNER, SHORES and BEATTY, JJ., concur.