This case graphically points out why I did not favor the "opt out" procedures adopted by this Court in Lowe v. NationwideIns. Co., 521 So.2d 1309, 1310 (Ala. 1988) (Maddox, J., concurring specially), for dealing with a situation where an insurer may be liable under the terms of a policy providing uninsured or underinsured motorist coverage. I still believe that the "opt out" procedure can be fraught with difficulties, and this case demonstrates these difficulties. The procedures established in Lowe are now the law, and National Security Fire and Casualty Company, even though opting out, could nevertheless protect its interest, as the Court holds.
On the cross appeal, I think that the Court correctly affirms the order of the trial court taxing the costs against National Security. National Security made two offers of judgment pursuant to the provisions of Rule 68, Ala.R.Civ.P., neither of which was accepted, and the judgment finally obtained by the offeree (the plaintiff) was not more favorable than the offers.[2] However, the plaintiff here was a minor when the offers were made and she was not represented by a guardian ad litem. It would appear, therefore, that the trial court did not err in taxing the costs against National Security. Cf. CitizensWalgreen Drug Agency, Inc. v. Gulf Ins. Co., 282 Ala. 648,213 So.2d 814 (1968). I think that the provisions of Rule 68 are plain and that, except in some cases presenting facts such as these, they should be enforced. See, Atkinson v. Long,559 So.2d 55, 57 (Ala.Civ.App. 1990).
[2] Rule 68, Ala.R.Civ.P. reads, in part: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." *Page 396