PER CURIAM.
 

 In February 2009, Alysha McCall, a minor, was injured while in the care of Sunrise Child Care (“Sunrise”), a day-care center. In July 2010, McCall, by and through her legal guardian, Demetria Billings, sued Sunrise, seeking damages in the amount of $11,000 as a result of McCall’s injuries. Billings hired Tyrone Townsend to represent McCall in the action against Sunrise.
 

 Sunrise and McCall settled the action for $11,000. Sunrise requested that the trial court appoint a guardian ad litem for McCall, as is required in pro ami actions.
 
 See Pate v. Perry’s Pride, Inc.,
 
 348 So.2d 1038, 1040 (Ala.1977) (citing
 
 Citizens Walgreen Drug Agency, Inc. v. Gulf Ins. Co.,
 
 282 Ala. 648, 213 So.2d 814 (1968)) (“It is the function of the trial court in pro ami suits to see that the injured infant receives a fair hearing and that the next friend or guardian ad litem is present and acting in the infant’s behalf.”). Sunrise agreed to assume responsibility for the guardian ad litem fee. The trial court appointed Cameron Hogan as McCall’s guardian ad litem. After Hogan submitted his recommendation, the trial court approved the pro ami settlement. In the August 31, 2010, judgment approving the settlement, the trial
 
 *704
 
 court set out the disbursements required to be made from the $11,000, including $500 in out-of-pocket expenses to Billings, $1,857.07 to discharge a Medicaid lien, $20 to pay off a medical bill, and $3,666.67 as an attorney fee for Townsend. After those disbursements from the settlement funds, McCall was to receive $4,956.26, which was to be held by the circuit clerk pending McCall’s reaching the age of majority.
 

 On September 30, 2010, Townsend filed a Rule 59, Ala. R. Civ. P., motion to amend the August 31, 2010, judgment approving the pro ami settlement. In that motion, Townsend informed the court that he had learned that Medicaid had corrected and reduced its lien to $846.86, an amount $1,010.21 less than the amount the trial court had ordered disbursed to Medicaid in the August 31, 2010, judgment approving the pro ami settlement. Townsend sought a correction of the August 31, 2010, judgment to reflect the correct amount of the Medicaid lien. He further sought an award to himself of $333.36 as an additional attorney fee. On September 30, 2010, the trial court amended its August 31, 2010, judgment as requested by Townsend.
 

 On October 4, 2010, Hogan filed a Rule 59 motion to amend the September 30, 2010, amended judgment. Hogan objected only to the redistribution of the settlement funds to award Townsend an additional attorney fee of $333.36. According to Hogan, Townsend had initially received a fee equal to one-third of the entire $11,000 settlement, which, Hogan argued, had been based on the contract that Townsend had entered into with Billings.
 
 [1]
 
 Hogan contended that Townsend was due no further fee.
 

 After a hearing on the motion, by an order dated October 28, 2010, the trial court “sustained” Hogan’s objection to the redistribution of the settlement funds to award Townsend an additional attorney fee. In that order, the trial court concluded that Townsend’s attorney fee should be limited to the $3,666.67 that he had been awarded in the August 31, 2010, judgment approving the pro ami settlement and ordered that Townsend repay the additional $333.36 attorney fee he had been awarded in the September 30, 2010, amended judgment to the circuit clerk to be held for McCall. The trial court further ordered that Townsend be responsible for payment of a guardian ad litem fee for Hogan’s legal services to McCall rendered during the postjudgment proceedings, which, at that time, had not yet been determined.
 

 On November 21, 2010, Townsend filed a postjudgment motion seeking to alter or amend the October 28, 2010, order denying him an additional attorney fee of $333.36. Townsend argued that his due diligence in filing a motion to correct the amount of the Medicaid hen had created a common fund of $1,010.21 and that, as a result, he was due a portion of that amount as an attorney fee. Townsend also objected to the trial court’s order insofar as it required him to be responsible for Hogan’s guardian ad litem fee; Townsend argued that the only party liable for Hogan’s guardian ad litem fee under the settlement was Sunrise, the defendant.
 
 [2]
 
 Townsend fur
 
 *705
 
 ther requested yet another additional attorney fee of $1,000 for the time he had spent responding to Hogan’s postjudgment motion, which Townsend described as “meritless.”
 

 The trial court entered an order on November 23, 2010, in which it denied Townsend’s postjudgment motion. The trial court explained that it had concluded that the common-fund doctrine, did not apply and that Townsend had been awarded his $3,666.67 fee based upon the entire settlement of $11,000 and was due no additional fee. The order further set Hogan’s guardian ad litem fee at $250 and taxed it as costs against Townsend. From that order, Townsend appeals, arguing, as he did in his postjudgment motion, that the trial court erred in failing to award him an additional attorney fee and in ordering him to be responsible for Hogan’s guardian ad litem fee.
 

 We will first address whether the trial court erred by failing to award Townsend an additional attorney fee of $333.36 after the Medicaid lien was reduced by $1,010.21. As Townsend points out, “Alabama follows the ‘American rule,’ whereby attorney fees may be recovered if they are provided for by statute or by contract or if they are called for by special equity, such as in proceedings where the attorney’s efforts create a ‘common fund’ out of which fees may be paid.”
 
 Battle v. City of Birmingham,
 
 656 So.2d 344, 347 (Ala.1995). Generally, the decision whether to award an attorney fee is within the sound discretion of the trial court, and the trial court’s decision on the issue may be reversed only if it has abused that discretion.
 
 Battle,
 
 656 So.2d at 347. Townsend had a contingency-fee agreement with Billings, who had hired him to represent McCall in the action against Sunrise. However, he had been compensated for his role in that action by being awarded one-third of the entire settlement amount, or $3,666.67, in the judgment approving the pro ami settlement. He argues on appeal that his action in informing the trial court that Medicaid had reduced its hen created a “common fund” out of which he should have been awarded a fee. We agree with the trial court that the common-fund doctrine upon which Townsend relies does not apply in this circumstance.
 

 The “common-fund doctrine” is “merely a particular instance of the ‘special equity1 exception to the rule that attorney fees may not ordinarily be recovered.”
 
 Mitchell v. Huntsville Hosp.,
 
 598 So.2d 1358, 1361 (Ala.1992). As explained by our supreme court over 60 years ago, “[t]he rule rests upon the ground that where one litigant has borne the burden and expense of the litigation that has inured to the benefit of others as well as himself, those who have shared in the benefits should contribute to the expense.”
 
 Kimbrough v. Dickinson,
 
 251 Ala. 677, 684, 39 So.2d 241, 246 (1949). Thus, in order for the doctrine to apply, the plaintiffs attorney must have expended effort that resulted in securing some benefit to other persons besides his client such that they, in good conscience, should bear a portion of the expense for the attorney’s services.
 
 See CNA Ins. Cos. v. Johnson Galleries of Opelika, Inc.,
 
 639 So.2d 1355, 1359 (Ala.1994). In
 
 CNA Insurance,
 
 our supreme court explained the common-fund doctrine thusly:
 

 “If it [is] applied in a case like this one, it would permit a plaintiffs attorney to recover attorney fees from others who directly benefit from the attorney’s ef
 
 *706
 
 forts in obtaining a recovery for his or her client. However, if the attorney is simply acting on behalf of his or her client, and a benefit only incidentally comes to others, the attorney is not entitled to a fee- from those receiving the incidental benefit.”
 

 639 So.2d at 1359 (citation omitted).
 

 Townsend was merely acting on behalf of his client, McCall, in informing the trial court that the Medicaid lien had been reduced to $846.86. As the trial court noted in its order, no evidence indicated that Townsend had performed any legal services to cause the reduction in the Medicaid lien. Townsend had a contract with Billings to represent McCall. He was awarded one-third of the settlement proceeds for his services. The change in the amount to be disbursed to cover the Medicaid lien out of the $11,000 settlement, although it did increase the portion of the settlement funds that would ultimately be awarded directly to McCall, did not create an additional fund above and beyond the $11,000 in settlement funds. Nor did Townsend’s actions provide a benefit to any party other than McCall. The common-fund doctrine has no application in this case, and we affirm the trial court’s denial of Townsend’s request for an additional attorney fee.
 

 Townsend further argues that the trial court improperly assessed Hogan’s $250 guardian ad litem fee against Townsend. According to Townsend, there was no basis to award Hogan that fee. In addition, Townsend argues that, because he was not a party to the proceeding below, the trial court had no jurisdiction over him to order him to pay costs, including the guardian ad litem fee, associated with the post-judgment proceedings in the case. We disagree.
 

 Rule 17(d), Ala. R. Civ. P., governs the use and compensation of guardians ad li-tem in civil cases. The rule, in pertinent part, reads:
 

 “Whenever a guardian ad litem shall be necessary, the court in which the action is pending shall appoint to serve in that capacity some person who is qualified to represent the minor or incompetent person in the capacity of an attorney or solicitor.... In all cases in which a guardian ad litem is required, the court must ascertain a reasonable fee or compensation to be allowed and paid to such guardian ad litem for services rendered in such cause, to be taxed as a part of the costs in such action, and which is to be paid when collected as other costs in the action, to such guardian ad litem.”
 

 “The matter of the guardian ad litem’s fee is within the discretion of the trial court, subject to correction only for abuse of discretion.”
 
 Englund v. First Nat'l Bank of Birmingham,
 
 381 So.2d 8, 12 (Ala.1980) (citing
 
 Commercial Standard Ins. Co. v. New Amsterdam. Cas. Co.,
 
 272 Ala. 357, 362, 131 So.2d 182, 186 (1961)). Likewise, the taxation of costs is a matter within the sound discretion of the trial court; the trial court’s decision to tax costs will not be reversed absent an abuse of that discretion.
 
 Classroomdirect.com, LLC v. Draphix, LLC,
 
 992 So.2d 692, 710 (Ala.2008);
 
 Vulcan Oil Co. v. Gorman,
 
 434 So.2d 760 (Ala.1983). Notably, “[i]n civil litigation, ‘the usual rule is to tax the costs in favor of the prevailing party.’ ”
 
 Ennis v. Kittle,
 
 770 So.2d 1090, 1091 (Ala.Civ.App.1999) (quoting
 
 Merchants Nat’l Bank v. Cowley,
 
 265 Ala. 125, 135, 89 So.2d 616, 625 (1956)).
 

 Rule 17(d), Ala. R. Civ. P., requires the assessment of a reasonable fee for the legal services rendered by a guardian ad litem. Thus, without question, Hogan was entitled to a fee for the post-judgment legal services he provided to
 
 *707
 
 McCall. By his actions, he prevented the award of an additional attorney fee to Townsend and thereby increased the amount of money to be disbursed from the settlement funds to the circuit clerk to be held for McCall. As Hogan points out, Sunrise was not involved in the determination of the actual disbursement of the settlement funds and did not participate in the postjudgment litigation, other than to respond to Townsend’s postjudgment motion insofar as it argued that Sunrise should be responsible for the guardian ad litem fee. Sunrise’s involvement in the litigation concluded when it paid the settlement funds into court and paid Hogan the guardian ad litem fee assessed for the legal services he had provided McCall during the prejudgment phase of the proceedings.
 

 All postjudgment litigation in this action centered on Townsend’s desire to secure an additional attorney fee for himself, to the detriment of his client, McCall. He, and not Sunrise, was the party whose adversarial position to McCall required Hogan to take legal action to protect McCall’s interests. We therefore agree with Hogan that the trial court could not have equitably assessed costs against Sunrise for Hogan’s postjudgment legal services on behalf of McCall.
 

 We are not convinced by Townsend’s argument that the trial court lacked jurisdiction to assess costs against Townsend because he was merely an attorney and not a party to the action. Because the issue of Townsend’s attorney fee arose out of the underlying pro ami settlement, the trial court had jurisdiction to determine whether to award Townsend the additional fee he requested.
 
 See Ex parte Peck,
 
 572 So.2d 427, 428 (Ala.1990). As our supreme court explained in
 
 Ex parte Peck,
 
 the trial court’s authority to award, or even to reduce, an attorney fee based on a contingency-fee contract arises from the trial court’s jurisdiction over the underlying action; the trial court “ha[s] the authority to decide every question duly presented or arising in the case,” even the collateral matter of an attorney fee arising from the action.
 
 Ex parte Peck,
 
 572 So.2d at 428. Thus, we conclude that, in addition to having the authority to consider the appropriate amount of the attorney fee to be awarded to Townsend, the trial court had the authority to allocate the costs arising from the postjudgment proceedings regarding Townsend’s request for an additional attorney fee. Because Townsend was, in essence, the party seeking affirmative relief during the postjudgment proceedings, the trial court was well within the bounds of its discretion in determining that he should bear the costs of that portion of the litigation. Certainly, requiring McCall to bear the cost of Hogan’s post-judgment legal services would defeat the purpose for which Hogan’s actions were taken, which was to maximize the portion of the $11,000 settlement funds actually disbursed to the circuit clerk for McCall. The trial court’s imposition of costs against Townsend comports with the general rule that costs are taxed in favor of the prevailing party, who, in this case, was Hogan, as guardian ad litem for McCall.
 
 See Ennis,
 
 770 So.2d at 1091. Accordingly, the trial court’s order requiring Townsend to pay Hogan’s guardian ad litem fee is affirmed.
 

 Townsend and Hogan both request the award of an attorney fee on appeal. We deny Townsend’s request. However, we agree with Hogan that he is entitled to be awarded a guardian ad litem fee for the legal services he provided to McCall in this appeal, and we award a fee of $2,000, which is to be taxed as part of the costs of this appeal.
 
 See Meriwether v. Crown, Inv. Corp.,
 
 289 Ala. 504, 513, 268 So.2d 780, 788 (1972) (awarding $1,200 as a
 
 *708
 
 guardian ad litem fee on appeal and taxing the fee as part of the costs of the appeal);
 
 Nathanson v. Key,
 
 286 Ala. 486, 488, 242 So.2d 389, 392 (1970) (awarding a guardian ad litem fee on appeal and assessing the amount as part of the costs of the appeal).
 

 AFFIRMED.
 

 PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 THOMPSON, P.J., and BRYAN, J., concur in the result, without writings.
 

 [1]
 

 . Townsend has stated that his fee agreement with Billings provided for a 40% contingency fee. Because the trial court properly exercised its discretion to set a reasonable attorney fee in the pro ami settlement,
 
 see Ex parte Peck,
 
 572 So.2d 427, 428 (Ala.1990), discussed briefly
 
 infra,
 
 and because Townsend does not challenge the reduction of his contingency fee to one-third, this fact is not relevant to the issues on appeal.
 

 [2]
 

 . Sunrise, who is not a party to this appeal, responded to Townsend's motion. In its response, Sunrise argued that the trial court had ample discretion when awarding a guardian ad litem fee and that it had properly taxed
 
 *705
 
 that fee as costs to Townsend because, it explained, Sunrise was a "mere bystander” to the dispute between Townsend and Hogan over Townsend’s request for an additional attorney fee.