This case concerns an award of an attorney's fee by the trial court.
Appellants are members of the City Council of the City of Birmingham. The appellants scheduled a regular formal meeting for December 5, 1989. It was made known prior to the meeting that a president and president pro tempore of the council would be elected at the meeting and that the meeting would be closed. The Birmingham News Company (appellee) objected to the closed session and the appellants responded by announcing that the election would be held in open session. Ultimately, the elections were by secret ballot. The appellee's request that each council member disclose how he or she voted was denied. The appellee filed a complaint in the circuit court seeking to enjoin the appellants and their successors from conducting elections in closed sessions or by secret ballot, and requesting attorney's fees against the appellants. After receiving a joint stipulation of facts from the parties and hearing oral argument from counsel, the trial court entered an order finding the manner in which the appellants conducted the election was an attempt to evade the provisions of §§ 13A-14-2,11-43-45, and 11-43-49, Ala. Code 1975, and that the appellee was entitled to the injunctive relief prayed for in its complaint. The trial court then ordered the disclosure, retained jurisdiction for the purpose of *Page 670 
awarding reasonable attorney's fees, and ordered the appellee to submit an affidavit indicating the time and expenses incurred in the prosecution of this action. The appellants filed a motion for reconsideration of the award of attorney's fees. After further consideration, the trial court overruled the motion and awarded attorney's fees. The trial court noted in its order that there was no question raised regarding the reasonableness of the amount of the charges. The appellants do not challenge the merits of the trial court's decision and appeal only the award of the attorney's fee.
The single issue for review is whether the trial court erred in granting an attorney fee award to the counsel for The Birmingham News in this action.
In its order, the trial court noted its finding that the citizens of the City of Birmingham derive a common benefit "by an action which enforces the requirements of the statute that the business of the City Council be conducted in open and public meetings and, specifically, that the election of Council officers be conducted openly and not in secret." The trial court concluded that it was appropriate under these circumstances to make an award for attorney's fees and expenses.
The appellants contend that the award of attorney's fees in this case is improper and unwarranted. They argue that the appellee failed to show that attorney's fees are authorized by statute or by contract as required, and that they do not fall within any recognized exception to the established rule of law regarding attorney's fees. It is the appellants' position that the trial court erred in awarding attorney's fees under the common benefit exception because there was no common fund, and no finding of fraud or bad faith.
The appellee contends that the award of attorney's fees is appropriate under the common benefit exception and that the trial court clearly stated this in its order. Further, the appellee relies on Brown v. State, 565 So.2d 585 (Ala. 1990), to support its position that the fact that this litigation has not produced a monetary recovery does not preclude an award of attorney's fees.
It is well established that Alabama follows the "American Rule" in regard to an award for attorney's fees. That rule is that fees may be recovered only where authorized by statute, when provided in a contract, or by special equity, such as in a proceeding where the efforts of an attorney create a fund out of which fees may be paid. Reynolds v. First Alabama Bank ofMontgomery, N.A., 471 So.2d 1238 (Ala. 1985). In Reynolds, the court addressed extensively the issue of attorney's fees and determined that certain exceptions to the rule exist to make the award of attorney's fees appropriate. In addition to the exception concerning a benefit, the court discussed the equitable exception. Our supreme court quoted the opinion inHall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), stating that although the traditional rule ordinarily disfavors the allowance of attorney's fees in the absence of statutory or contractual authorization, such fees may be awarded when the interests of justice so require. See, Reynolds, 471 So.2d at 1242.
In support of its decision to award attorney's fees, the trial court stated again, in its order awarding attorney's fees, that the citizens of the City of Birmingham benefit from this action and there is ample evidence in the record supporting that conclusion. The trial court also noted that inBarton v. Drummond Co., 636 F.2d 978 (5th Cir. 1981), the U.S. Court of Appeals for the Fifth Circuit, citing Miles v. Bank ofHeflin, 349 So.2d 1072 (Ala. 1977), recognized our supreme court decision that non-pecuniary benefits are within the scope of the equitable exception of the "American Rule."
Our reading of the cases utilized by the trial court in ordering this award, along with the recent supreme court case of Brown, supra, leads us to agree with the judgment rendered by the trial court that the circumstances of this case make an award for attorney's fees appropriate. The instant case, likeBrown, supra, resulted in a benefit to the general public. "It is unquestionable that [the appellee's] attorneys rendered a public service by bringing an *Page 671 
end to an improper practice. The public nature of the services rendered by these lawyers justifies an award of attorney fees."Brown, 565 So.2d at 592 (see also Justice Adams's comments at 593).
In light of the above, we find no abuse of discretion by the trial court in its decision to award attorney's fees. As a result, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.