This appeal is from an order denying an award of attorney's fees.
The appellants in this case are the Advertiser Company of Montgomery, Alabama, and other media-related corporations and individuals; the appellee is Auburn University. In early 1989 the appellee's general counsel retained the Atlanta-based law firm of King Spalding to investigate allegations concerning Jerry F. Smith, who was employed by Auburn University as Executive Director of Alumni and Development. Mr. Smith also held the position of Secretary of the Auburn University Foundation (AUF), a nonprofit corporation *Page 646 
whose purpose was to attract gifts for the benefit of the University. In recent months a controversy had arisen over Mr. Smith's involvement with the estate of Lois Huff, who had made a large testamentary gift to AUF. Under Mrs. Huff's will Mr. Smith had been appointed co-executor of the Huff estate. Members of the news media and others had questioned the propriety of Mr. Smith's receipt of an executor's commission while also serving as an official of the University and AUF. King Spalding's investigation was to focus on activities of Mr. Smith relevant to the Huff estate while Mr. Smith was employed by the University. The firm was then to render to the University's Board of Trustees and general counsel a report of factual findings and legal opinions and advice.
On April 14, 1989, King Spalding delivered to the appellee's general counsel a written report (the King 
Spalding Report) with the results of its investigation as well as the firm's recommendations. Requests for copies of the King Spalding Report by the appellants and other members of the news media were refused by the appellee. Subsequently, the appellants initiated an action in the Circuit Court of Lee County, seeking a judgment from the court declaring that the report was a "public writing" of the state and was subject to disclosure pursuant to Alabama's "Open Records Act," Ala. Code 1975, § 36-12-40. This act provides:
 "Every citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise expressly provided by statute."
In its answer to the appellants' complaint, the appellee maintained that the report was not a "public writing" covered by § 36-12-40; that even as a "public writing," the report would still be exempt from the mandate of § 36-12-40 because of non-statutory exceptions set forth in Stone v. ConsolidatedPublishing Co., 404 So.2d 678 (Ala. 1981); and, finally, that the report was protected from disclosure by the attorney-client privilege. After serving interrogatories upon the appellee, in response to which the appellee admitted that it had disclosed the contents of the King Spalding Report to AUF and to Mr. Smith's legal counsel, the appellants filed a motion for summary judgment on their suit. They contended that any attorney-client privilege with respect to the report had effectively been waived when the appellee distributed the report to AUF and Mr. Smith's counsel.
On March 29, 1990, the trial court entered its order granting summary judgment for the appellants. In its opinion the court first recognized the King Spalding Report as a "public writing" within the scope of § 36-12-40. Next, it found that the non-statutory exceptions found in Stone were inapplicable in this case. The court then held that the report was subject to the attorney-client privilege, but that the appellee had waived the privilege when it furnished a copy of the report to AUF and to Mr. Smith's counsel. Once the privilege was waived, said the court, the report became like "any other public writing. As [it] is not otherwise protected it must be released to the press." The appellee was ordered to furnish the report to the appellants within 30 days; this it did. Neither side appealed from the trial court's ruling that the report should be released to the public.
On April 4, 1990, citing as authority the "common benefit" doctrine followed by the trial court in Birmingham News Co. v.Bell (CV-89-9468-MC, Jefferson Circuit Court), the appellants filed a motion to tax attorney's fees as costs against the appellee. When the trial court here denied the motion without further comment, this appeal followed. We affirm.
The dispositive issues before us are whether the trial court had the discretion to exercise its equitable power to award attorney's fees under the "common benefit" doctrine, and whether the trial court erred when it refused to allow the appellants' claim for attorney's fees against the appellee. In their briefs, the parties presented numerous peripheral issues and supporting arguments. However, we pretermit as unnecessary a discussion of any but the dispositive issues. *Page 647 
As to the first issue, the appellants do not claim entitlement to attorney's fees based on any statutory authorization or contractual provision, but instead base their claim on the inherent equitable powers of the court to award such fees when appropriate. It is well established that Alabama follows the "American Rule" with respect to awards of attorney's fees. Under this rule a prevailing litigant is not entitled to have attorney's fees paid by the opposing party, absent a contractual or statutory right or a recognized ground of equity. Porter v. Hook, 554 So.2d 382 (Ala. 1989); Reynoldsv. First Alabama Bank of Montgomery, N.A., 471 So.2d 1238
(Ala. 1985). Despite the general strictures of the American Rule, this state has joined other jurisdictions in recognizing certain equitable exceptions that allow fee awards. InReynolds, our supreme court dealt extensively with the power of courts to award attorney's fees, noting that, where a state court is unencumbered by a state or federal statute, it "retain[s] all the inherent equity powers that existed at common law, which included the right to assess attorney's fees against the losing party." Reynolds, 471 So.2d at 1243. The court in Reynolds recognized that one exception to the traditional disinclination toward awarding attorney's fees may occur where an unsuccessful litigant has acted in bad faith; in such instances, a court may, in its discretion, shift the cost of attorney's fees to the offending litigant. Reynolds,471 So.2d at 1242. Also, our supreme court has determined that an award of attorney's fees may be made where the actions of the plaintiff generally benefited the administration of justice in the state. Brown v. State, 565 So.2d 585 (Ala. 1990). We recently cited this "common benefit" exception when holding that where a litigant rendered a public service by bringing an improper governmental practice to an end, the public nature of the services rendered by the litigant's attorney justified an award of attorney's fees. Bell v. Birmingham News Co.,576 So.2d 669 (Ala.Civ.App. 1991) (citing Brown,565 So.2d at 592).
Relying on Brown and Birmingham News Co. v. Bell
(CV-89-9468-MC), the appellants here contend that an award of attorney's fees in their case was appropriate under the "common benefit" exception to the American Rule regarding fee awards. (We note here that CV-89-9468-MC was subsequently appealed to and affirmed by this court in Bell, 576 So.2d 669.) It is the appellants' position that the trial court erred when it refused to tax the cost of attorney's fees against the appellee after the appellants successfully sued to enforce § 36-12-40 and thereby conferred a "common benefit" upon the citizens of this state. The appellee urges this court not to extend the holding in Brown beyond the particular facts of that case and, instead, to construe that decision narrowly.
Despite the numerous decisions of this and other courts recognizing equitable exceptions to the American Rule regarding attorney's fees, we do not read Brown (or, more recently, Bell) to mean that in every instance where a "common benefit" arguably accrues to the general public because of actions of the plaintiff, attorney's fees must be taxed as costs.Reynolds, 471 So.2d 1238. Although such awards are authorized, they are not, of course, compelled.
The appellants also cite, as additional authority for recovery of fees, Ala. Code 1975, § 6-6-230, which allows for "further relief" in declaratory judgment actions "whenever necessary or proper." However, we cannot interpret a statute that merely authorizes fee awards as making the awarding of attorney fees mandatory on the trial court. Accordingly, we find the awarding of fees in the present case also to be discretionary under the additional cited authority.
The appellants have also contended that, as the trial court had the power to award attorney's fees, the court abused its discretion when it refused to award them fees against the appellee. We disagree.
At the outset we note that the decision to award or deny attorney's fees lies within the sound discretion of the trial court. Rayford v. Rayford, 456 So.2d 833 (Ala.Civ.App. 1984);Nolen v. Nolen, 398 So.2d 712 (Ala.Civ.App. 1981). On appeal the trial *Page 648 
court's decision is subject to reversal only upon a showing of abuse of discretion. Rayford, 456 So.2d at 834.
Our reading of the record before us, together with the supreme court case of Brown and this court's rationale in the recent case of Bell, leads us to agree with the judgment rendered by the trial court when it refused to make an award of attorney's fees.
Although the trial court did not provide detailed explanation in its order denying an award, the record contains ample justification for the court's decision. In the main, the appellants rely on Brown and Birmingham News Co. v. Bell
(CV-89-9468-MC) (which, as we noted above, was affirmed inBell), in support of their argument that the trial court erred in the present case. As we noted, while the court recognized the "common benefit" doctrine in those cases, the holdings do not make mandatory the awarding of attorney fees in the absence of contractual or statutory authority. What is more, we find the facts and circumstances in the instant case to be distinguishable from those in Brown and Bell.
The court in Brown determined that the state had adopted a practice of routinely issuing Uniform Traffic Ticket and Complaints (UTTCs) without having the issuing officer swear on oath to the charges made on the UTTC. This practice was in direct contravention of Ala. Code 1975, § 32-5A-191. The plaintiff class initiated an action challenging the state's procedure for issuing UTTCs. While the court in Brown would not overturn the convictions made under this procedure, the court did award attorney's fees to the plaintiffs after determining that the improper governmental practice had been eradicated by the plaintiff class's prosecution of the action. Furthermore, the court recognized that the plaintiffs had "made a significant contribution to the integrity of our system of jurisprudence in calling attention to a serious flaw in its administration." Brown, 565 So.2d at 591.
In Bell the plaintiff, the Birmingham News Company, brought an action forcing the Birmingham City Council to disclose the results of an election that was held in secret and in violation of Ala. Code 1975, §§ 13A-14-2, 11-43-45, and 11-43-49. The trial court enjoined the Council members and their successors from conducting elections in closed sessions or by secret ballot and then awarded attorney's fees to the plaintiff's lawyer. In its order, the trial court in Bell made a specific finding that the citizens of Birmingham had derived a "common benefit" from the plaintiff's action to enforce the statutes.
In the case before us, there was no finding by the trial court that the general public substantially benefited from the action brought by the appellants. The appellants, however, contend that by forcing the appellee to disclose the information in the King Spalding Report, and thereby ensuring a state entity's compliance with a statute, it conferred a benefit on the citizens of Alabama. The appellants argue in their brief that a holding requiring the appellee to reimburse a reasonable attorney's fee "would deter governmental agencies from withholding public documents in the future and would further the public interest in open government." While these may be laudable ends, the trial court may not have deemed there to be sufficient precedential value in its decision ordering disclosure of the King Spalding Report. It is difficult, if not impossible, for us to discern whether a court award of attorney's fees, or the underlying order for disclosure, would actually deter state agencies in the future from making good-faith assertions of the attorney-client privilege with regard to sensitive papers. The appellants have not laid to rest questions about the interrelation of this privilege and § 36-12-40. Moreover, in light of the exceptions to disclosure recognized in Stone, the appellants' action has also failed to clearly establish § 36-12-40's applicability to every public writing. The trial court may not have adjudged the public benefit resulting from the release of the King Spalding Report to be commensurate with the benefit resulting from the plaintiffs' actions in Brown and Bell, where the plaintiffs ended longstanding or clear violations of state law. *Page 649 
We are reluctant to provide the trial court's reasoning without more before us; but assuming, arguendo, that a common benefit was bestowed through the appellants' action, we still find the trial court's denial of fee awards in the present case to be within its discretion. There was ample evidence before the trial court to enable it to distinguish the appellee's behavior from that of the defendants in Brown and Bell. The state in Brown committed a clear violation of the law in question. Although the court in Brown found no fraud on the part of the state, it described as "reprehensible" its practice of putting citizens on trial on criminal charges when no one has sworn, to an authorized officer, that the citizens had indeed committed offenses. Brown, 565 So.2d at 590. We would note also that the trial court in Bell classified the city's actions there as an attempt to evade the provisions of a state law. Bell, 576 So.2d at 669. Thus, the court suggested that members of the Birmingham City Council had acted in bad faith.
In the present case, not only was there no finding of bad faith on the part of the appellee, but the trial court ascribed weight to some of its arguments for refusing disclosure of the King Spalding Report. In fact, the trial court found that the attorney-client privilege did apply to the report, before holding that the appellee had waived that privilege. Furthermore, unlike the situations in Brown and Bell, there was no absence of justiciable issues in the present case.
While the appellants here maintain that our supreme court held in Chambers v. Birmingham News Co., 552 So.2d 854
(Ala. 1989), that there is a presumption in favor of public disclosure of "public writings" pursuant to § 36-12-40, the court has also recognized, in Stone, 404 So.2d 678, that a "rule of reason" must be applied in making case-by-case determinations about whether disclosure is required. We note here that, at the time the appellee asserted the privilege, no authority was clearly dispositive as to whether § 36-12-40
applies to writings arguably covered by the attorney-client privilege. Thus, the trial court may have determined that the appellee had presented a reasonable legal argument and was not attempting flagrantly to subvert the mandate of § 36-12-40.
In view of the above, we find that we are not bound by the holdings in Brown and Bell. Furthermore, we find that the power of courts to make equitable exceptions to the American Rule is discretionary. Because we have determined that the trial court did not abuse its discretion, we cannot say that it erred when it refused to award attorney's fees.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.