Browning Ferris Industries of Alabama, Inc. ("BFI"), sued the City of Birmingham ("City"), seeking an order enjoining the City from withholding from BFI a certificate of occupancy, which would permit BFI to operate a garbage transfer facility, or, in the alternative, seeking damages for the costs and expenses incurred by BFI in building the garbage transfer facility. Whitlynn Battle intervened to protect any interest she had in a separate action. BFI and the City entered into mediation, and, as a result, a consent judgment was entered. The trial court denied Battle's motion to alter or amend the judgment and denied her motion for attorney fees. Battle appealed.
In January 1991, BFI obtained property in the Titusville community of Birmingham to build a garbage transfer facility. The director of the Department of Urban Planning ruled that prior approval of the construction and operation of the garbage transfer facility was not required from the Birmingham Planning Commission and the Birmingham City Council. In a separate action (referred to in the record of this case as theHorn case), six citizens, including Battle, had appealed a ruling of the Birmingham Zoning Board of Adjustment holding that prior approval was not *Page 346 
required. BFI was allowed to intervene in the Horn case because it owned the property at issue. A consent judgment was later entered in the Horn case; that judgment required that the matter be returned to the City Planning Commission and the City Council for further consideration.
Several days before the consent judgment was entered in theHorn case, BFI filed the present action, seeking an order compelling the City of Birmingham to issue an occupancy permit for the completed facility, or, in the alternative, seeking damages of $17 million for the costs and expenses incurred by BFI in building the garbage transfer facility. Battle was later allowed to intervene in the present action, for the limited purpose of protecting any interest she had in the Horn
judgment. In February 1994, BFI and the City of Birmingham agreed to mediation of their dispute. As a result of the mediation, they agreed to the entry of a consent judgment; that consent judgment called for the City to purchase the garbage transfer facility from BFI. Battle filed a motion to alter or amend the judgment. The trial court, in a comprehensive and detailed order, denied the motion, stating as follows:
 "During the February 9, 1994, hearing on the Motion to Intervene, counsel for Battle expressly agreed to this limited intervention as evidenced by the following exchange between the Court and counsel for Battle:
 " 'THE COURT: And I will enter an order granting the motion to intervene for the limited purpose of protecting [Battle's] rights under the [Horn] judgment. Is that —
" 'MR. SULLIVAN: I'll accept that terminology.
" 'THE COURT: All right.'
 "The above exchange clearly sets forth this Court's ruling on Battle's Motion to Intervene and since counsel for Battle agreed to this ruling, there is no basis now to complain. . . .
". . . .
 ". . . Counsel for Battle agreed to this limited intervention and Battle is therefore bound by the agreement made by her attorney in open court. To the extent that Battle now seeks to assert rights or claims beyond those agreed to by her counsel, the Court finds that such claims should be disallowed.
 "The Horn judgment on its face required only that the issue of whether a garbage transfer station was a permissible use for the subject property be returned to the Planning Commission of the City of Birmingham and the City Council of the City of Birmingham 'for further consideration.' Significantly, Battle sought to amend her Complaint in Horn to enjoin [the] City from purchasing the transfer station property from BFI. However, the Horn court never ruled on Battle's motion. The Horn
judgment does not address that claim at all and does not in any way prohibit the purchase of the transfer station property by the City.
 "The Consent Judgment and Decree rendered in this case effectively eliminated the possibility that BFI (or the City) will operate a garbage transfer facility on the subject property, and mooted any interest that Battle had in this litigation. Battle's stated purpose for filing the Horn case, i.e., stopping the operation of a garbage transfer station in the Titusville community, has been accomplished and the Horn
judgment protected."
Battle appeals, contending (1) that her procedural due process rights were violated, because, she says, she was not given prior notice of the consent judgment and her interests were adversely affected by its terms; (2) that her approval was required for any settlement; and (3) that she is entitled to attorney fees. We find no merit as to the first two contentions. The trial court stated in its order: "Battle was, in fact, given the opportunity to participate in the mediation. . . . [H]er rights in the Horn judgment have been fully protected by the Consent Decree, which resulted from the mediation."
Battle's third contention is that the public nature of the services rendered by her attorneys justifies an award of attorney fees, relying on Bell v. The Birmingham News Co.,576 So.2d 669 (Ala.Civ.App. 1991), and Brown v. State,565 So.2d 585 (Ala. 1990). Bell and Brown allowed attorney fees to be awarded even when there was no common fund from which to pay them, because the litigation had resulted in a benefit to the general public. Battle argues that she has brought an end to *Page 347 
the "improper practice of allowing BFI to construct and potentially operate a garbage transfer facility in violation of the City zoning laws, which required the approval of the Birmingham Planning Commission and the Birmingham City Council," and that her action has resulted in a benefit to the general public.
Whether to award or to deny attorney fees lies within the sound discretion of the trial court. On appeal, the trial court's ruling on that question is subject to reversal only upon a showing of abuse of discretion. Advertiser Co. v. AuburnUniversity, 579 So.2d 645 (Ala.Civ.App. 1991).
Alabama follows the "American rule," whereby attorney fees may be recovered if they are provided for by statute or by contract or if they are called for by special equity, such as in proceedings where the attorney's efforts create a "common fund" out of which fees may be paid. Reynolds v. First AlabamaBank of Montgomery, N.A., 471 So.2d 1238 (Ala. 1985). As noted above, under the principles stated in Bell and Brown, the fact that litigation has not produced a monetary recovery does not preclude an award of attorney fees, if the litigation results in a benefit to the general public.
[5] Here, all of Battle's arguments in support of her request for attorney fees apply solely to her efforts in the Horn case. In addition, as the trial court noted, Battle was merely an intervenor in this case, permitted to intervene for the limited purpose of protecting any interest she had in the Horn case. Her interest was protected, and Battle has failed to show that her efforts in this case resulted in any benefit to the general public that would support an award of attorney fees. Therefore, we hold that the trial court did not abuse its discretion in denying attorney fees. The trial court's judgment is due to be affirmed.
AFFIRMED.
ALMON, HOUSTON, COOK and BUTTS, JJ., concur.