This is the second time this case has been before this court. See Horn v. City of Birmingham, 648 So.2d 607 (Ala.Civ.App. 1994). The plaintiffs had sought the award of costs and attorney fees in connection with a consent judgment; under that judgment the City of Birmingham was to return the city planning department's ruling allowing the establishment of a waste transfer station, for consideration by the city council. The trial court denied fees; the plaintiffs appealed. We reversed the judgment and remanded the case for the trial court "to determine whether the effort of the plaintiffs' attorneys produced a common benefit and to consider the award of attorney fees." Id., at 610.
On remand, and in compliance with this court's opinion, the trial court determined that the efforts of the plaintiffs' attorneys did not produce a common benefit and that the plaintiffs' attorneys were not entitled to an award of fees. The court did, however, award costs to the plaintiffs. The plaintiffs appeal; the City of Birmingham cross-appeals.
The dispositive issue is whether the court erred in failing to award to the plaintiffs the requested attorney fees. The plaintiffs present two additional issues; however, we pretermit as unnecessary a discussion of any but the dispositive issue.
In awarding attorney fees, Alabama courts follow the "American Rule," which provides that fees may be recovered only where authorized by statute, when provided in a contract, or by special equity, such as where the efforts of an attorney create a fund from which fees may be paid. Horn, supra. However, where litigation results in a benefit to the general public, or renders a public service, an award of attorney fees is justified, even if there is no common fund from which the fees could be paid. Id.
On the first appeal, we remanded the case to the trial court because it appeared that the trial court was unaware of the common benefit exception to the "American Rule." We ordered the court to determine whether the efforts of the plaintiffs' attorneys had produced a common benefit and, if so, to award attorney fees accordingly.
We note that the decision to award or to deny attorney fees lies within the sound discretion of the trial court. AdvertiserCo. v. Auburn University, 579 So.2d 645 (Ala.Civ.App. 1991). We will reverse the trial court's decision only upon a showing of abuse of discretion. Id.
The trial court made the following findings of fact, which are supported by the ample record before us:
 "1. Plaintiffs' acceptance of the City's Rule 68 [, Ala. R. Civ. P.,] offer of judgment resulted in very limited relief to the plaintiffs. Battle v. City of Birmingham, [656 So.2d 344 (Ala. 1995)].
 "2. Plaintiffs' complaint with or desire to keep BFI's transfer station out of their neighborhood was a run-of-the-mill zoning dispute. . . .
 "3. Any alleged benefit that was realized from plaintiffs' instituting of this action inured to the benefit of the plaintiffs and/or their neighbors.
 "4. Any alleged benefit that was realized from plaintiffs' instituting of this action did not inure to the citizens or residents of the City of Birmingham that do not live in the Titusville community. . . .
 "5. Plaintiffs have not bestowed a common benefit upon the citizens of Birmingham."
In its comprehensive order, the court exhaustively examined the state and federal law as it relates to the award of attorney fees under the common benefit exception to the "American Rule." It distinguished the facts of this case from those of Brown v.State, *Page 693 565 So.2d 585 (Ala. 1990), and Bell v. Birmingham News Co.,576 So.2d 669 (Ala.Civ.App. 1991), two cases in which attorney fees were awarded pursuant to the common benefit exception. In doing so, the trial court stated, in pertinent part:
 "The holdings of both Brown and Bell show, therefore, that the type of action that satisfies the `common benefit' exception to the `American Rule,' is an action that stops the violation of a clearly defined state law. In the case at bar, the violation of a state law or any other clearly defined right is not at issue. Rather, the plaintiffs merely appealed a decision by the Zoning Board of Adjustment. . . ."
We agree. In concluding that the plaintiffs were not entitled to attorney fees, the court stated:
 "The Court expresses concern about developing a definition of a common benefit to the general public in the context of a zoning case. Since fees have, to its knowledge, never been awarded — or even requested — in a zoning case based on the theory of a common benefit to the general public, the Court cannot look to any case for guidance. Indeed, the Court has found no Alabama case where the plaintiffs have sought fees in a zoning case unless there was a statute authorizing them. According to the Court's research, the only fees that have been awarded in zoning cases outside of Alabama have been based on a special statute creating an exception to the American rule and authorizing such a fee; Alabama, of course, has no such statute.
 "Notwithstanding the dearth of authority in this area of the law, the Court believes that before there can be a common benefit to the general public, that there must be a benefit to a broader group of citizens than simply a group of neighbors. For example, in Aguinaga v. United Food Commercial Workers Intern., 993 F.2d 1480 (10th Cir. 1993), the court stated that the `common benefit exception, by definition, requires that the benefit received by the prevailing plaintiff and the benefit received by the group to which fees are shifted be common to both.' Id., at 1483. In support of this holding, the court cited to Mills v. Electric Auto-Lite Co., 396 U.S. 375
[90 S.Ct. 616, 24 L.Ed.2d 593] (1970), where the Supreme Court had stated that fee shifting was appropriate only where `a plaintiff has successfully maintained a suit, usually on behalf of a class, that benefits a group of others in the same manner as himself' 396 U.S. at 392 [90 S.Ct. at 625]. Accordingly, in order for there to be a common benefit in this case justifying an award of attorney's fees, the plaintiffs would have had to benefit the citizens of Birmingham in the same manner as they benefited themselves. They have most certainly not done this.
 "The above case law is also consistent with Brown
and Bell. In Brown, the plaintiffs contributed to the integrity of the state's entire criminal justice system. The effect was felt statewide, and, therefore, was much broader than simply benefiting one neighborhood. Indeed, all citizens in the state of Alabama benefited in the same manner from [the] plaintiffs' actions. Likewise, in Bell, the plaintiff required an open meeting by the City Council that benefited the citizens of the entire City, and not just one neighborhood. The same result or type of benefit has not occurred here.
 "Moreover, there is sound policy reason for requiring that all citizens benefit in the same manner before finding there has been a common benefit justifying the award of attorney fees. Attorney fees are awarded, usually based on statutory authority, when they are needed to encourage litigation that is in the public interest. The fees are awarded since they are needed as an extra incentive to encourage lawsuits to be brought. In zoning disputes, there already exists an incentive to bring suit. People want to preserve and enhance the values of their property. When the plaintiffs advanced this case, they presumably believed that they were doing exactly that. The vigor with which plaintiffs' counsel advanced this case demonstrates that this incentive was sufficient.
 "In summary, in order for the plaintiffs to satisfy the common benefit exception justifying the award of attorneys' fees, they must show that they have accomplished *Page 694 
a benefit to society much broader than simply an alleged benefit to a single neighborhood. Indeed, plaintiffs must show that the benefit they received was the same benefit that the group they wish to impose their fees on received. Since the plaintiffs have not met this burden the Court will not grant them an award of attorneys' fees."
We find the court's conclusion to be well reasoned and sound. The issue before the trial court was whether, even if the plaintiffs' lawsuit may have caused the waste transfer station to be established somewhere other than in their neighborhood, there was a common benefit to the general public. We think not. When deciding whether there is a common benefit to the general public, one cannot limit the analysis to a limited group or locale. To do so would effectively delete the terms "common" and "general" from the common benefit test.
In view of the above, we cannot say that the trial court abused its discretion in denying to the plaintiffs an award of attorney fees.
The City of Birmingham, in its cross-appeal, asserts that the court should have limited the plaintiffs' costs to items that were incurred before the City made its Rule 68 offer of judgment.
In the first appeal, the plaintiffs requested that they be awarded costs pursuant to Rule 68, Ala. R. Civ. P. In remanding the matter to the trial court, we expressly stated that the plaintiffs were entitled to costs pursuant to Rule 68. We, however, did not limit the court's discretion to award additional costs pursuant to Rule 54, Ala. R. Civ. P., or Rule 35, Ala. R.App. P.
The plaintiffs requested that they be awarded $7,629 in costs; the court awarded them costs of $7,504 — $125 less than they had requested. We assume that the reduction was based on the court's denial of the plaintiffs' request that the City pay the costs of its expert on grammatical interpretation. The court held a hearing on the matter of costs. After thoroughly reviewing the record, we conclude that the court did not abuse its discretion in its award of costs. Crayton v. City of Mobile, 484 So.2d 474
(Ala.Civ.App. 1985).
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.