[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 627 
In August 1995, Christine Hooks and Walter L. Young filed a complaint in the Montgomery Circuit Court for a temporary restraining order against the Alabama Department of Environmental Management (ADEM), seeking to prohibit ADEM from issuing a permit to Industrial Waste, Inc. (IWI) for the construction of a solid waste disposal facility in Calhoun County. On August 22, 1995, the circuit court issued the TRO because, it concluded, the Calhoun County Commission had not complied with statutory procedures requiring public notice and a hearing on the proposed issuance of a permit for the landfill. On September 1, 1995, when the TRO expired, the circuit court issued a preliminary injunction. The Calhoun County Commission was not originally named as a defendant in the lawsuit, but on October 26, 1995, the circuit court, sua sponte, added the Commission as an indispensable party defendant.
Section 22-27-48(a), Ala. Code 1975, provides that ADEM may not consider an application for a landfill permit "unless such application has received approval by the affected unit of local government." See TransAmerican Waste Industrial, Inc. v. Benson,690 So.2d 346 (Ala. 1997). Section 22-27-48(a) outlines six factors a local governing body "shall consider" in deciding whether to recommend approval of a proposal for a solid waste disposal facility, the statute specifies what the local governing body must do to provide notice to, and an opportunity for comment by, the general public.
Section 22-27-48(a) requires that local government approval for a waste disposal site "shall be made in a public meeting only after public notice of such application or proposal and an opportunity for public comment is provided." See Fitzjarrald v.City of Huntsville, 597 So.2d 1378, 1379 (Ala.Civ.App. 1992); Exparte Lauderdale County, 565 So.2d 623, 625 (Ala. 1990). The statute mandates that the local government must hold at least one public hearing on the proposed issuance of the permit and must give public notice of the hearing at least 30, but not more than 45, days before the hearing date. Section 22-27-48(a) further provides for the method of giving public notice and sets out the information the notice should contain. The last two sentences of § 22-27-48(a) then provide:
 "Within 90 days of receiving an application or proposal, the local governing body shall either approve the application or deny the application setting forth the reasons therefore. The failure of the local governing body to act on the proposal within 90 days of receiving the application shall constitute approval by said local governing body."
(Emphasis added.) The emphasized portion of the statute is at issue in this case: specifically, whether "the 90-day-rule" permitting local government approval by a "failure to act" (and thereby permitting approval without notice and a hearing) overrides the remaining portions of § 22-27-48(a), which appear to require that notice and a hearing precede local government approval.
In August 1993, IWI requested local approval of its application to construct a landfill. The minutes of the Calhoun County Commission meeting, on August 9, 1993, reflect that;
 "following discussion, the Commission decided to hold this request in abeyance until such time as a study can be completed to determine the effects on future permits, as well as what would be best for Calhoun County."
The County Commission did not approve or deny IWI's request. It did not give public notice or hold a hearing on the proposal. Six months after IWI submitted its request for local approval to the County Commission, *Page 628 
IWI wrote a letter to the East Alabama Regional Planning and Development Commission stating that it presumed the County Commission's faliure to act constituted tacit approval pursuant to the last two sentences of § 22-27-48(a) (that it could infer local government approval from the failure of the local governing body to act on a request within 90 days), had begun to process IWI's permit application. When the plaintiffs, Hooks and Young, learned from reading a local news story that ADEM was planning to issue the permit, they filed their complaint for a TRO against ADEM.
The circuit court decided that the "90-day rule" allowing local government approval by a "failure to act" did not apply in this case because, the court found, the County Commission had not "failed to act." The court concluded that the County Commission had "acted" on the proposal at the August 9, 1993, Commission meeting and by holding the proposal in abeyance. Therefore, the court determined, because the "90-day rule" did not apply, the Commission was required to provide public notice and to hold a hearing before it granted local approval. The circuit court decided that ADEM was prohibited from issuing IWI a permit for the landfill notice-to-hearing procedures of § 22-27-48(a) and, consequently, IWI received proper host government approval of its request.
After the circuit court issued the preliminary injunction and made the Calhoun County Commission a party, IWI submitted a second request for host government approval of its landfill permit application. This time, the County Commission gave the required notice and held a public hearing. The Commission granted host government approval on April 25, 1996. After that approval was granted, IWI, which had previously intervened in the circuit court proceeding, moved to set aside the injunction. On May 13, 1996, the circuit court granted that motion, and the plaintiffs, Hooks and Young, requested that the court award them an attorney fee and costs. They based their attorney fee request on the claim that they had performed a public service by ensuring that the citizens of Calhoun County received notice and had the opportunity to be heard on IWI's request for local approval of the landfill.
After a hearing, the circuit court entered an order awarding fees and costs in the amount of $21,055 against the Calhoun County Commission. The Commission appeals, arguing that there is no statutory, contractual, or equitable basis for awarding the fee.
In assessing attorney fees, Alabama courts follow the "American Rule," which allows fees to be awarded only when authorized by statute, by contract, or by special equity, such as when the efforts of an attorney create a fund from which the fee may be paid. Horn v. City of Birmingham, 648 So.2d 607 (Ala.Civ.App. 1994) (Horn 1). An award of attorney fees may also be warranted when the litigation results in a benefit to the general public or renders a public service, even when there is no fund from which the fees could be paid. Battle v. City of Birmingham656 So.2d 344 (Ala. 1995); Horn v. City of Birmingham, 718 So.2d 691
(Ala.Civ.App. 1997) (Horn II).
The parties agree that there is no statutory right to an attorney fee in this case. The injunction statute does not authorize an award of attorney fees. Romar Development Co. v.Gulf View Management Corp. 644 So.2d 462 (Ala. 1994). There is also no contractual right to a fee here. If an attorney fee is justified, it must be awarded pursuant to the "special equity" exception, specifically the exception for cases involving a "public benefit."
In Brown v. State, 565 So.2d 585 (Ala. 1990), the Alabama Supreme Court held that litigants who had challenged the validity of trying citizens on unsworn and unverified traffic ticket complaints were entitled to an attorney fee because they had "made a significant contribution to the integrity of our system of jurisprudence," and had "rendered a public service by bringing an end to an improper practice." Brown, 565 So.2d at 591-92. InBell v. Birmingham News Co., 576 So.2d 669 (Ala.Civ.App. 1991), this court held that a litigant who had brought to an *Page 629 
end the Birmingham City Council's improper practice of conducting closed sessions had rendered a public service and was entitled to an attorney fee. See also Slawson v. Alabama Forestry Comm'n,631 So.2d 953 (Ala. 1994) (award of attorney fee may be appropriate in an action based on § 13A-14-2, the "Sunshine Act").
In contrast, this court upheld the trial court's determination in Horn II, supra, that litigants who had challenged the zoning of a waste transfer station had not performed a public service for the citizens of Birmingham, but had instead bestowed a benefit merely on their own neighborhood and, therefore, were not entitled to an attorney fee. In Advertiser Co. v. Auburn Univ.,579 So.2d 645 (Ala.Civ.App. 1991), this court upheld the trial court's refusal to award an attorney fee in an action under §36-12-40, Ala. Code 1975, the "Open Records Act." We stated:
 "Despite the numerous decisions of this and other courts recognizing equitable exceptions to the American Rule regarding attorney's fees, we do not read Brown (or, more recently, Bell) to mean that in every instance where a `common benefit' arguably accrues to the general public because of actions of the plaintiff, attorney's fees must be taxed as costs."
579 So.2d at 647.
In Advertiser Co., this court distinguished Brown and Bell on the basis that the improper practices eradicated by litigants in those cases were "longstanding or clear violations of state law" in "direct contravention of" state statutes. 579 So.2d at 648. We also distinguished Brown and Bell on the ground that the actions of the defendants in those cases were "reprehensible" or were undertaken "in bad faith." 579 So.2d at 648, 649. This court further noted that the conduct of the Bell defendants had been characterized as "an attempt to evade the provisions of a stat law." 579 So.2d at 649.
In the present case, there is no evidence that the Calhoun County Commission's failure to approve or deny IWI's request within 90 days was done in had faith or in an attempt to circumvent the notice-and-hearing provisions of §22-27-48(a).
We have contrasted the conduct of the County Commission (which can, at most, be described as negligent) with the conduct of other defendants against whom attorney fees have been assessed because, as the Alabama Supreme Court explained in Reynolds v.First Alabama Bank of Montgomery, 471 So.2d 1238 (Ala. 1985), an "underlying rationale of `fee shifting' is, of course, punitive." 471 So.2d at 1242 (quoting 6 J. Moore, Federal Practice, ¶ 54.77(2) at 1709 (2d Ed. 1972)).
 "The allowance of counsel fees and litigation expenses is within the discretion of the court. Generally, where an allowance is made, to whom it is made, and who pays it, depend on factors such as who benefits from the litigation, the outcome of the ligation, and the necessity for the litigation."
Reynolds v. First Alabama Bank of Montgomery, 471 So.2d 1238, 1244
(Ala. 1985) (quoting 78 Am. Jur.2d Trusts § 656 (1975)) (emphasis in Reynolds).
In each of the foregoing cases, litigation was made necessary because of some "evasive," "reprehensible," "bad faith," or patently unlawful conduct by the party against whom an attorney fee was assessed. The same cannot be said here. The record before us contains no evidence that the County Commission held IWI's request in abeyance for more than 90 days in order to evade the notice-and-hearing requirements of § 22-27-48(a). In fact, the record supports a finding that the County Commission was simply unaware of the "90-day rule" and that it failed to approve or deny IWI's request because it intended to study further the county's waste disposal needs.
The circuit court erred in holding that the Commission had "acted on the proposal" merely by receiving comment and by holding the proposal in abeyance. In § 22-27-48(a), the sentence containing the phrase "act on the proposal" immediately follows the sentence containing the directive that the local governing body shall approve or deny the application within 90 days:
 "Within 90 days of receiving an application or proposal, the local governing body shall either approve the application or deny the *Page 630 
application setting forth the reasons therefor. The failure of the local governing body to act on the proposal within 90 days of receiving the application shall constitute approval by said local governing body."
The meaning words in a statute is to be taken from their context.Brock v. City of Anniston, 244 Ala. 544, 14 So.2d 519 (1943). Reading the last sentence of § 22-27-48(a) in context with preceding sentence, we think it is logical and clear that the failure either to approve or to deny the request. We hold that the Calhoun County Commission "failed to act" on IWI's request because it failed either to approve or to deny the request in 90 days.
The Commission's "failure to act," however, was not a "clear violation of state law" or a "direct contravention of a state statute." Section 22-27-48(a) contemplates that a local governing body may "fail to act" on a request within 90 days and outlines the consequence of a "failure to act." The 90-day rule appears, on its face, to be an exception to the notice-and-hearing requirement. Therefore, the Commission's failure to act on the proposal, as well as its failure to give public notice of, and a hearing on, the proposal did not "violate" or "contravene" the statute as written.
In Horn II, this court agreed with the trial court that "the type of action that satisfies the `common benefit' exception to the `American Rule,' is an action that stops the violation of aclearly defined state law." Horn II, 718 So.2d at 693 (emphasis added). The requirements of § 22-27-48(a) can hardly be described as "clearly defined." There is an obvious inconsistency between the statutory requirement that a local governing body may approve a landfill request "only after public notice . . . and an opportunity for public comment," and the final provision in §22-27-48(a) that a local governing body can bring about approval of a landfill request, without notice or a hearing, simply by its own failure to act. The provision requiring that approval be preceded by notice and a public hearing conflicts with the provision allowing approval by inaction.
The Alabama Supreme Court has emphasized that the notice-and-hearing requirements of § 22-27-48 (a) are constitutionally mandated as a matter of procedural due process. In Brown's FerryWaste Disposal Center, Inc. v. Trent, 611 So.2d 226 (Ala. 1992), the court stated:
 "In order to meet the demands of constitutional due process, local governments exercising the authority delegated to them by the Solid Wastes Disposal Act must give notice to the public of actions contemplated under that Act and must provide an opportunity for citizens to be heard, either in favor of or in opposition to such actions."
611 So.2d at 230. Our supreme court has explained that it is "the due process rights of the affected citizenry [that are] violated" when an application to operate a landfill is approved "without notice and an opportunity for a hearing." Ex parte LauderdaleCounty, 565 So.2d at 627.
A court "should try to reconcile potentially conflicting statutory provisions whenever possible, and not allow one provision effectively to nullify another." In re Cason, 190 B.R. 917,928 (Bankr.N.D.Ala. 1995). If we were to hold that the "90-day rule" overrides the notice-and-hearing requirements of §22-27-48(a), then we would be allowing the final provision of the statute effectively to nullify the due process protections built into the statute.
"[S]tatutes are to be construed as a whole, so as to harmonize their parts, if possible." Karrh v. Board of Control of theEmployees' Retirement System, 679 So.2d 669, 672 (Ala. 1996).
 "`A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole.'"
Karrh, 679 So.2d at 672 (quoting 2A Singer, Statutes andStatutory Construction, § 46.05 (1992)).
 "If a statute is susceptible of two constructions, one of which is workable and fair and the other unworkable and unjust, the *Page 631 
court will assume that the legislature intended that which is workable and fair."
Ex parte Hayes, 405 So.2d 366, 370 (Ala. 1981) (quoting State v.Calumet Hecla, Consol. Copper Co., 259 Ala. 225, 233-34,66 So.2d 726, 731 (1953)).
In order to give effect to the procedural due process protections built into the statute, and to make the statute workable and fair, we construe § 22-27-48(a) to mean that, if a local governing body has received a landfill request, has provided proper notice, and has held a public hearing on the request, then the failure of the local governing body to approve or deny the request within 90 days of the hearing constitutes approval of the request. That construction of the statute takes into account the non-delay incentive of the "90-day rule" without allowing the "90-day rule" to swallow the due process safeguards built into the statute.
We hold that ADEM was properly prohibited from issuing IWI a permit, because the citizens of Calhoun County were not given notice and an opportunity to be heard on IWI's first proposal. Although we have no doubt that the plaintiffs performed a public service to the citizenry of Calhoun County, we hold that the circuit court erroneously assessed an attorney fee against the County Commission. The award of an attorney fee is not called for in every "public service" lawsuit. Advertiser Co. v. AuburnUniv., 579 So.2d 645 (Ala.Civ.App. 1991).
In this case, the County Commission engaged in no evasive, reprehensible, or bad faith conduct. Its actions did not violate or contravene a state statute. If blame must be assigned for making this litigation necessary, it can be assigned only to the drafters of § 22-27-48(a). The requirements of the statute as written are not "clearly defined." Although we hold that the interpretations of § 22-27-48(a) by the circuit court, by ADEM, and by the County Commission were erroneous, we have no doubt that those interpretations were arguably valid constructions of an unclear statute and were rendered in good faith. Under the circumstances, there is no equitable basis for "fee shifting" in this case.
The judgment of the circuit court assessing an attorney fee for Hooks and Young against the Calhoun County Commission is reversed and the cause is remanded.
The appellee's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and MONROE, J., concur in the result.