The State Department of Revenue ("the Department") appeals from a summary judgment entered by the Circuit Court of Mobile County in favor of Clay J. Calhoun.
On October 17, 1988, the Department entered two preliminary assessments against Calhoun for oil and gas privilege taxes. Calhoun disputed the assessments, *Page 375 
and attempts between Calhoun and the Department to informally resolve the disputes failed. In January 1989, Calhoun requested a formal hearing with the Department's Administrative Law Division. In a letter dated February 8, 1989, the administrative law judge notified Calhoun that his request for a hearing had been docketed. The administrative law judge's letter also stated that Calhoun would be informed of the time and place of the hearing, by written notice, and that "this confirmation letter requires no response on your part at this time. You will forthwith receive the above mentioned notice." In a letter dated February 8, 1989, the administrative law judge notified the Department of Calhoun's appeal to the Administrative Law Division. The administrative law judge also requested that the Department "at its earliest convenience, please forward to this office a short statement of the relevant facts, the matters asserted, the Department's position, and the issues involved."[1]
No further action was taken by the Department for over five years.
On February 24, 1994, the administrative law judge entered an order setting a hearing on Calhoun's appeal for April 14, 1994, and directing the Department to file an answer by March 31, 1994. The Department filed an answer stating its position regarding Calhoun's disputed oil and gas privilege taxes. On March 11, 1994, Clay Calhoun, Jr., Calhoun's representative, wrote a letter to the administrative law judge, objecting to the assessments. Calhoun's representative asserted that Calhoun was in ill health and was unable to attend the hearing; that Calhoun had not agreed to the Department's five-year delay in prosecuting its claim; and that Calhoun had relied, to his detriment, on the Department's inactivity on the file, so as to bar the Department's assessment pursuant to the equitable doctrine of laches.
On November 23, 1994, Calhoun filed a motion for a judgment on the pleadings and a motion to dismiss. Calhoun alleged, among other things, that the Department's assessments were due to be dismissed pursuant to the administrative appeal provisions of Ala. Code 1975, § 40-2A-1 et seq., the "Alabama Taxpayers' Bill of Rights and Uniform Revenue Procedures Act" (sometimes hereinafter referred to as "the Act" or "the Taxpayers' Bill of Rights"). Specifically, Calhoun argued that §40-2A-9(c) required the Department to file an answer within 30 days upon receiving a notice of appeal to the Administrative Law Division. On January 30, 1995, the administrative law judge entered a preliminary order denying Calhoun's motions and concluding that the Taxpayers' Bill of Rights was inapplicable because Calhoun's administrative appeal was filed in January 1989, three years before the October 1, 1992, effective date of the Act.
A hearing was held on the merits of Calhoun's case on May 18, 1995, and on October 31, 1995, the administrative law judge entered an order requiring the Department to recompute Calhoun's tax liability in accordance with the findings contained in its order. The Department recalculated Calhoun's assessments in accordance with the administrative law judge's order. Calhoun subsequently filed an application for rehearing, and on May 9, 1996, the administrative law judge entered a final order upholding *Page 376 
the Department's final assessment of Calhoun's oil and gas privilege tax.
On June 10, 1996, Calhoun filed a complaint and notice of appeal with the Circuit Court of Mobile County. Both the Department and Calhoun thereafter filed motions for a summary judgment. After a hearing on the motions, the trial court entered a summary judgment in favor of Calhoun on October 21, 1997. That judgment stated, in pertinent part:
 "The Court has considered all of the motions, briefs, exhibits, and arguments of the parties, as well as the entire administrative law record of the proceedings in the Administrative Law Division and the orders entered by the administrative law judge. [The court having] considered this information, Calhoun's motion for a summary judgment is due to be and hereby is granted, and the Department's motion for a summary judgment is due to be and hereby is denied. The Court finds that the Taxpayers' Bill of Rights is applicable to this case and that the Department's failure to answer within the time limits required by said Act mandates entry of a summary judgment in favor of Calhoun and against the Department.
 "Alternatively, entry of a summary judgment of behalf of Calhoun is compelled based on the equitable doctrine of laches because this Court finds: (i) that there was a substantial delay in this matter; (ii) that the delay was without just cause; and (iii) that Calhoun suffered substantial prejudice as a result.
 "This Order constitutes a final judgment herein. The parties are to bear their own costs."
The Department appeals, contending that the trial court erred in entering the summary judgment in favor of Calhoun because, it claims, the trial court's judgment was clearly erroneous and contrary to law. Specifically, the Department argues that the trial court erred in entering the summary judgment in favor of Calhoun based on the applicability of the Taxpayers' Bill of Rights or, alternatively, based on the applicability of the equitable doctrine of laches. Calhoun cross-appeals, contending that the trial court erred in not awarding him attorney fees.
In reviewing the disposition of a motion for a summary judgment, we utilize the same standard as the trial court in determining whether the evidence made out a genuine issue of material fact and whether the movant was "entitled to a judgment as a matter of law." Bussey v. John DeereCo., 531 So.2d 860, 862 (Ala. 1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989).
In this case, the Department does not contend that the trial court's summary judgment in favor of Calhoun was erroneous on the basis that there was a genuine issue of material fact in dispute. Rather, the Department asserts that the trial court's summary judgment was erroneous because the Department was entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.
Because the parties concede that the facts of this case are undisputed and because the controversy involves only questions of law, the trial court's judgment carries no presumption of correctness, and our review is de novo. Beavers v. County of Walker, 645 So.2d 1365 (Ala. 1994), andLake Forest Property Owners' Ass'n v. Smith, 571 So.2d 1047 (Ala. 1990). *Page 377 
 I. The Department's Appeal
The Department argues that the trial court's summary judgment in favor of Calhoun based on the applicability of the Taxpayers' Bill of Rights was contrary to the law because, it claims, the Act was not effective until three years after Calhoun filed his notice of appeal to the Administrative Law Division. The Department asserts that because nothing in the Taxpayers' Bill of Rights indicates that its provisions are retroactive, the trial court erred in applying its provisions to Calhoun's appeal.
Calhoun argues that, because the Taxpayers' Bill of Rights is a remedial statute, the trial court correctly applied it to Calhoun's case. Calhoun further asserts that because the Taxpayers' Bill of Rights is a remedial statute that should be applied retroactively, the Department was required to answer Calhoun's appeal to the Administrative Law Division within 30 days of the October 1, 1992, effective date of the Act. Section 40-2A-9(c), a part of the Act states, in pertinent part, that "[t]he administrative law division shall notify the legal division of the department that an appeal has been filed, and the legal divisionshall be required to file a written answer with the administrative lawdivision within 30 days from receipt of notice." (Emphasis added.)
Our Supreme Court stated the general rule regarding the retroactivity of statutes in Ex parte Bonner, 676 So.2d 925, 926-27 (Ala. 1995).
 "[T]his Court has often noted that `retrospective application of a statute is generally not favored, absent an express statutory provision or clear legislative intent that the enactment apply retroactively as well as prospectively.' Jones v. Casey, 445 So.2d 873, 875 (Ala. 1983). See also Kittrell v. Benjamin, 396 So.2d 93, 94 (Ala. 1981); City of Brewton v. White's Auto Store, Inc., 362 So.2d 226 (Ala. 1978). This general rule is, however, subject to an equally well-established exception, namely, that `remedial statutes . . . are not within the legal [concept] of "retrospective laws," . . . and do operate retroactively, in the absence of language clearly showing a contrary intention.' Street v. City of Anniston, 381 So.2d 26, 29 (Ala. 1980). See Jones, 445 So.2d at 875, citing Street, supra. In other words, `remedial statutes — those which do not create, enlarge, diminish, or destroy vested rights — are favored by the courts, and their retrospective operation is not obnoxious to the spirit and policy of the law.' Ex parte Burks, 487 So.2d 905, 907
(Ala. 1985) (emphasis added) (quoting Barrington v. Barrington, 200 Ala. 315, 316, 76 So. 81, 82
(1917)). Remedial statutes are exemplified by those that '"impair no contract or vested right, . . . but preserve and enforce the right and heal defects in existing laws prescribing remedies."' Jones, 445 So.2d at 875. Id. (quoting Dickson v. Alabama Mach. Supply Co., 18 Ala. App. 164, 165, 89 So. 843, 844, cert. denied, 206 Ala. 698, 89 So. 922
(1921)). Such a statute `may be applied on appeal, even if the effective date of that statute occurred while the appeal was pending, and even if the effective date of the statute was after the judgment in the trial court.' Kittrell v. Benjamin, 396 So.2d 93, 95 (Ala. 1981) (emphasis added). See also Denson v. Birmingham Realty Co., 266 Ala. 503, 506, 97 So.2d 887, 890 (1957); Smith v. Colpack, 235 Ala. 513, 179 So. 520
(1938)."
In ascertaining whether a statute is remedial in nature, our Supreme Court has stated that "when a new statute deals with procedure only, it applies to all actions, including those not yet filed but which will be based on claims that have accrued, *Page 378 those actions that are pending, and actions based on claims arising in the future." State Dep't of Revenue v. Grant, 667 So.2d 1372, 1374 (Ala. 1995) (citation omitted; emphasis added).
In examining the Taxpayers' Bill of Rights to determine whether it is remedial in nature, we find several sections of the Act instructive. Section 40-2A-2(1) states:
 "Legislative intent. — The legislative intent of this chapter is to provide equitable and uniform procedures for the operation of the department and for all taxpayers when dealing with the department. This chapter is intended as a minimum procedural code and the department may grant or adopt additional procedures not inconsistent with this chapter. This chapter shall be liberally construed to allow substantial justice."
(Emphasis added.)
Moreover, § 40-2A-9 discusses the procedures by which the taxpayer may appeal to the Administrative Law Division:
 "(a) Purpose. — The purpose of this section is to establish uniform procedures concerning appeals to the administrative law division and to establish the authority and responsibilities of the administrative law judge concerning those appeals. This section should be liberally construed to provide for the fair, efficient, and complete resolution of all matters in dispute."
(Emphasis added.) We also note that the Taxpayers' Bill of Rights contains no language clearly showing an intent that the Act be applied only prospectively.
By its own declaration, the purpose of the Taxpayers' Bill of Rights is to provide a procedural code for the Department and taxpayers to follow in their dealings with one another. The Act does not enlarge or destroy the vested rights of the Department or the taxpayer; rather, it mandates the procedure by which the parties are to assert their respective, substantive rights. Therefore, we conclude that the Taxpayers' Bill of Rights is a remedial statute and is to be applied retroactively. Bonner, 676 So.2d at 926-27.
The Taxpayers' Bill of Rights requires the Department to file its answer within 30 days of receiving written notice of a taxpayer's administrative appeal. § 40-2A-9(c). Because Calhoun's appeal was pending on October 1, 1992, the effective date of the Act, we construe the Act to provide for the retroactive application of its provisions from that date. Therefore, the Department's answer, filed on February 24, 1994, was not timely pursuant to § 40-2A-9(c) of the Taxpayers' Bill of Rights.
Accordingly, we conclude that the summary judgment was not contrary to the law and is due to be affirmed.[2]
We note that the Department asserts in its reply brief that even if the trial court could have concluded that the Taxpayers' Bill of Rights was applicable to Calhoun's case, the trial court erred in stating that the Department's failure to abide by the Act's 30-day time provision "mandated" a summary judgment in favor of Calhoun. The Department further asserts that Calhoun's administrative appeal was held in abeyance, pursuant to § 40-2A-9(d), pending the resolution of legal issues regarding the proper method of calculating his tax. However, the Department did not raise these issues in its initial *Page 379 
brief; these arguments were raised only in its reply brief. It is well settled that issues not raised in a party's initial brief on appeal may not be raised in a reply brief. C S Family Credit of Alabama, Inc. v.McNairy, 613 So.2d 1232, 1232 n. 1 (Ala. 1992). This rule applies even to issues that were properly raised in the trial court. See Horn v. StateBd. of Examiners in Counseling, 689 So.2d 93, 95 (Ala.Civ.App. 1996). Thus, we will not consider the merits of these arguments. Id.
 II. Calhoun's Cross-Appeal
Calhoun contends that the trial court erred in not awarding him attorney fees. Calhoun argues that he bestowed a "common benefit" on all Alabama taxpayers by his argument that the Department was required to abide by the provisions of the Taxpayers' Bill of Rights. He further asserts that he is due to be awarded attorney fees because, he says, the Department's practices constituted willful negligence. "[T]he decision to award or deny attorney's fees lies within the sound discretion of the trial court. On appeal the trial court's decision is subject to reversal only upon a showing of abuse of discretion." Advertiser Co. v. AuburnUniv., 579 So.2d 645, 647-48 (Ala.Civ.App. 1991) (citations omitted).
 "Alabama follows the `American rule,' whereby attorney fees may be recovered if they are provided for by statute or by contract or if they are called for by special equity, such as in proceedings where the attorney's efforts create a `common fund' out of which fees may be paid. Reynolds v. First Alabama Bank of Montgomery, N.A., 471 So.2d 1238 (Ala. 1985). . . . [U]nder the principles stated in Bell [v. Birmingham News Co., 576 So.2d 669
(Ala.Civ.App. 1991)], and Brown [v. State, 565 So.2d 585
(Ala. 1990)], the fact that litigation has not produced a monetary recovery does not preclude an award of attorney fees, if the litigation results in a benefit to the general public."
Battle v. City of Birmingham, 656 So.2d 344, 347 (Ala. 1995). Moreover, "Alabama recognizes exceptions to the American Rule where fraud, willful negligence or malice has been practiced." Reynolds v. First Alabama Bankof Montgomery, N.A., 471 So.2d 1238, 1243 (Ala. 1985).
However, we disagree with Calhoun's assertions that he is due to be awarded attorney fees on the bases that the Department's actions constituted willful negligence and that his litigation produced a "common benefit" to the general public. Trial courts need not award attorney fees in every instance in which there accrues a "common benefit" to the general public because of the actions of a litigant; rather, they retain the discretion to do so or to refrain from doing so. Advertiser Co., 579 So.2d at 647. In Advertiser Co., this court refused to award a litigant attorney fees even though the litigant had arguably bestowed a "common benefit" upon the general public. Id. at 649. In so holding, this court distinguished between those cases that involved reprehensible conduct or conduct that constituted an attempt to evade the provisions of a state law, such as in Bell v. Birmingham News Co., 576 So.2d 669 (Ala.Civ.App. 1991), and Brown v. State, 565 So.2d 585 (Ala. 1990), and those that involved merely negligent conduct. Advertiser Co., 579 So.2d at 649.
There is no evidence in this case that the Department's failure to apply the Act retroactively to Calhoun's administrative appeal was in bad faith. Although a "common benefit" might be inferred from the result of this case, we note that Calhoun made no specific showing of such a benefit. Thus, under the circumstances of this case, we conclude that the trial court did not *Page 380 
abuse its discretion in denying Calhoun attorney fees.
 III. Conclusion
After carefully reviewing the record, we conclude that the trial court properly entered the summary judgment in favor of Calhoun, based on the applicability of the Taxpayers' Bill of Rights. We further conclude that the trial court did not abuse its discretion in denying Calhoun attorney fees. Accordingly, we affirm the trial court's judgment.
APPEAL — AFFIRMED.
CROSS-APPEAL — AFFIRMED.
Yates, Monroe, and Crawley, JJ., concur.
Thompson, J., concurs in the result.
[1] This statement is referred to by the parties as an "answer." At the time of the administrative law judge's February 1989 letter, appeals to the Administrative Law Division were governed by Ala. Admin. Code r.810-1-3-.04(1). This Regulation did not specify a time within which the Department's answer must have been filed.
[2] Because we conclude that the trial court correctly entered the summary judgment in favor of Calhoun based on the applicability of the Taxpayers' Bill of Rights, we do not consider the Department's contention that the trial court erred in entering the summary judgment based on the equitable doctrine of laches.